BOOTH AND RENCH, EXECUTORS OF SWEARINGEN, *vs.* THE UNITED STATES.—*June,* 1841.

The act of 1715, ch. 23, sec. 6, excepts such bills, bonds, judgments, &c., "as shall be taken in the name or for the use of our Sovereign Lord, The King, his heirs and successors," from its operation. The State, succeeding to the rights of sovereignty, stood at the declaration of Independence in the place of the King, and when she surrendered certain powers of sovereignty to the United States, the exception also applied to that government.

The plea of limitations only effects the remedy.

The United States suing in a State Court are within the exceptions of the act of limitations, in favor of the sovereignty of the State. The former government being possessed of a part of that sovereignty.

An affidavit and motion for leave to issue a *scire facias* to revive a judgment, are not necessary under our practice.

APPEAL from *Washington* County Court.

On the 16th January 1837, the *United States* sued forth out of *Washington* county court a writ of *scire facias* of the tenor following, to wit:

"WASHINGTON COUNTY, *To wit: The State of Maryland, to the Sheriff of Washington county, Greeting:*—Whereas at a county court begun and held at *Hagerstown,* in and for the county aforesaid, on the third Monday in November, in the year of our Lord one thousand eight hundred and twenty, the

*United States*, by judgment of the same court, recovered against a certain *Isaac S. Swearingen*, late of *Washington* county, yeoman, as well the sum of two hundred and ten dollars, a certain debt, as the sum of ten dollars and four cents,—to be released on the payment of one hundred and three dollars and fourteen cents, with interest from 1st July 1818, and $10.04 for their costs and charges, by them about their suit in that behalf laid out and expended, whereof the said *Isaac S. Swearingen* was convict; as it appears on record. And whereas, the said *Isaac* is since deceased, to wit, at the county aforesaid, as by the suggestion of the *United States* hath been stated. And now in behalf of the said *United States* it hath been understood in the said court, that although the judgment thereof is given, yet execution for the debt, costs and charges aforesaid, still remain to be made for them: Whereupon the same *United States* have besought that a proper remedy be granted them in this behalf; and as it is right that these things which in the said court are lawfully transacted and adjudged, should be carried into due and speedy execution—You are therefore hereby commanded, that by good and lawful men of your bailiwick, you give notice to the said *William Booth and Samuel H. Rench,* executors of the testament and last will of the said *Isaac,* that they be and appear before the said county court, to be held at the court house in *Hagerstown,* in said county, on the fourth Monday of *March* next, to shew if they have or can say any thing for themselves why the said *United States* ought not to have their execution against them for the debt, costs and charges to be levied of the goods and chattels which were of the said *Isaac* at the time of his death, in the hands and custody of the said *William and Samuel H.* remaining to be administered, if so much they have in their hands as aforesaid, according to the force, form and effect of the recovery aforesaid, if they the said *William and Samuel H.* shall think fit; and further to do and receive what the court shall then and there consider, concerning them in this behalf, and have there then the names of those by whom you shall give notice, and this writ. Witness the Honorable JOHN BUCHANAN, Chief Judge of our said court,

the twenty-first day of November eighteen hundred and thirty-six.  Issued the 16th day of January 1837.

O. H. WILLIAMS, *Clk.*"

After *oyer* of the writ of *scire facias,* the defendants plead-ed, "that the said *United States of America* ought not to have execution of the debt, costs and charges aforesaid, in the said writ of *scire facias* mentioned, and in the manner therein prayed, because they say, that by a certain act of Assembly of the then province, now *State of Maryland,* made at a session of Assembly held at *Annapolis* on the 26th day of April in the year 1715, entitled, "an act for limitation of certain actions for avoiding suits at law," amongst other things, it was and is enacted, by authority of the said Assembly, that no bill, bond, judgment, recognizance, statute merchant, or of the staple, or other specialty whatsoever, except such as should be taken in the name or for the use of our sovereign lord the king, his heirs and successors, shall be good and pleadable, or admitted in evidence against any person or persons of the said province (now State) after the principal debtor and creditor have been both dead twelve years, or the debt or thing in action above twelve years standing, with a saving to certain persons under certain impediments, as in the sixth section of the said act are more particularly mentioned; as by the same act yet in force and unrepealed, fully and clearly appears.   And the said *William and Samuel H.* in fact say, that the said *Isaac S. Swearingen* in his life time, from the time next hereinafter mentioned to the time of his death, was a citizen of this State, inhabiting and residing therein; and that these defendants, executors as aforesaid, are, and for divers years last past, have been citizens of said State, inhabiting and residing therein, to wit, at the county aforesaid, and that the judgment aforesaid, in the writ of *scire facias* aforesaid mentioned, was had and recovered against the said *Isaac S. Swearingen,* in the same writ mentioned, on the twenty-ninth day of November, in the year of our Lord one thousand eight hundred and twenty, and not after; and that the writ of *scire facias* aforesaid, upon the said judgment in the plea aforesaid, against them the said *William and Samuel*

*H.*, executors of the said *Isaac* as aforesaid, was impetrated and issued on the 16th day of January 1837, and not before, and that the debt, costs and charges aforesaid, by virtue of the judgment aforesaid, in the same writ of *scire facias* mentioned, before the impetration and suing out of the same writ of *scire facias*, were above twelve years standing, to wit, at the county aforesaid; and so the said *William and Samuel H.* say, that the judgment aforesaid, by force of the act of Assembly aforesaid, is not good and pleadable, or to be admitted in evidence against them the said *William and Samuel H.*, executors of the said *Isaac Swearingen*, deceased, in the plea aforesaid; and this the said *William and Samuel H.* are ready to verify. Wherefore they pray judgment if the said *United States of America* execution against them for the debt, costs and charges aforesaid, to be levied of the goods and chattels which were of the said *Isaac* at the time of his death in the hands and custody of the said *William and Samuel H.* remaining to be administered, if so much they have in their hands as aforesaid, according to the force, form and effect of the recovery aforesaid, to have ought, &c."

To this plea the plaintiffs demurred generally, and the county court rendered judgment for the plaintiffs, &c. The defendants appealed.

The cause was argued before ARCHER, CHAMBERS, and SPENCE, J.

By WEISEL and F. A. SCHLEY for the appellants, and
By YOE and PRICE for the appellees.

ARCHER, J., delivered the opinion of the court.

The question arising in this case is, whether the defendants could interpose to the claim of the *United States*, the plea of limitations.

The plea of limitations affects only the remedy, and the question has been raised, how far the statute of limitations, apart from its exceptions, would operate on a claim which it is conceded, if it were pending in the *United States Court*, could not

be barred by the statute. We do not deem it necessary to determine this question, which has been ably discussed at the bar; because we think the preliminary question, whether the statute of limitations of this State, excepts the *United States* from its operation, is with the plaintiff.

All bonds, &c., taken in the name of the King, &c., are expressly excepted; and the State succeeding to the rights of sovereignty, stood, at the Declaration of Independence, in the place of the King, and being thus expressly excepted, when she surrendered certain powers of sovereignty to the *United States*, the exception must be considered as applying to such newly created government, thus clothed with portions of her sovereign power. To all claims springing out of the exercise of every sovereign power by the State, and which were due to the State, by express legislation, the doctrine of *nullum tempus*, &c., was applied, and when portions of this sovereign power have been conferred upon another government, and claims spring out of the legitimate exercise of such powers, such newly created government, to the extent of the granted power, must and ought to be considered, as standing in the place and stead of the State so granting them; and if the State would have been excepted from the operation of the statute, upon all claims she might have, from the exercise of any power which now has been granted away, the *United States*, in the exercise of them, is but the substitute of the State, and is entitled to the benefit of the exception likewise. This interpretation of the act does not enlarge the exception, for it is as before, confined to the sovereign power, which is now by our Constitutions parcelled out to two governments.

It is objected, that the proceedings should show an affidavit and motion for leave to issue the *sci. fac.* If this objection can be properly raised upon the demurrer, we should say, the plaintiff was under no obligation to take such steps. Our settled practice in this respect has not conformed to that of the *King's Bench* in *England,* and has been too long established, to be now changed, if it were proper or advisable so to do. JUDGMENT AFFIRMED.