## PENINSULA PRODUCE EXCHANGE *v.* NEW YORK, PHILADELPHIA AND NORFOLK RAILROAD COMPANY ET AL.

*Extension of Limitation Period—Action Against Carrier—Constitutional Law.*

Act of Congress June 7th, 1924, extending the limitation period in which to recover overcharges paid a carrier, is unconstitutional as depriving the carrier of property without due process of law, in so far as it may be applied to revive a claim which had, before its passage, been barred under the limitation provision of the Interstate Commerce Act, as amended by Act of February 28th, 1920, which not merely affected the remedy, but destroyed the liability.                    pp. 595, 596

A cause of action under the Interstate Commerce Act, to recover overcharges, which has been barred by limitations under that act, is terminated and destroyed beyond the possibility of revival by subsequent legislation, for the purpose of an action in a state court as well as a federal court.          pp. 596, 597

An extension, by amendment of the Interstate Commerce Act, of the period of limitations for an action thereunder to recover overcharges, is not an additional remedy under that act.
                                                    p. 597

*Decided March 3rd, 1927.*

Appeal from the Circuit Court for Worcester County (PATTISON, C. J., BAILEY and DUER, JJ.).

Action by the Peninsula Produce Exchange against the New York, Philadelphia and Norfolk Railroad Company and the Pennsylvania Railroad Company. From a judgment for defendants, plaintiff appeals. Affirmed.

The cause was argued before BOND, C. J., URNER, OFFUTT, DIGGES, PARKE, and SLOAN, JJ.

*James M. Crockett,* with whom were *Crockett & Crockett* on the brief, for the appellant.

*George H. Myers,* with whom were *Miles & Myers* on the brief, for the appellees.

BOND, C. J., delivered the opinion of the Court.

The appellant sued for the return to it of money paid to the appellees for the refrigeration or icing of three carloads of strawberries from Marion, Maryland, to Buffalo, New York, and which is alleged to have been unlawfully charged because the railroad companies "then had no tariff or tariffs lawfully on file and in effect at the time of the transportation of said goods," as required by the Federal Interstate Commerce Act, February 4th, 1887, and its amendments. The defendant filed pleas of limitations; to these the plaintiff demurred, the demurrers were overruled, and, the plaintiff declining to amend, judgment was entered for the appellees. The appeal from that judgment raises the one question of the validity of the railroad companies' pleas of limitations.

According to the declaration, the charges complained of were paid on the 7th and 20th of June, 1921, and the suit was instituted on December 5th, 1924. Under the United States Interstate Commerce Act, as amended by the Transportation Act of February 28th, 1920, such actions to recover overcharges paid were required to be brought within two years from the time the cause of action accrued. *Phillips v. Grand Trunk Western Ry. Co.,* 236 U. S. 662; *Kansas City Southern R. Co. v. Wolf,* 261 U. S. 133; *Danzer Co. v. Gulf & Ship Island R. Co.,* 268 U. S. 633. By a later Act of Congress, June 7th, 1924, par. 3, sec. 16, sub-sec. (c), the period of limitations was extended to three years from the time the cause of action accrued; and sub-section (h) of the same act, section 16, provided that a cause of action which accrued after March 1st, 1920, should not be deemed to be barred if action was begun on it prior to this last enactment, June 7th, 1924, or within six months thereafter. As the present suit was begun on December 5th, 1924, upon causes of action which

accrued after March 1st, 1920, the appellant contends that it is not barred by limitations under the federal act. It has been held, however, that a subsequent extension of the two year limitation by an Act of Congress, passed after a claim had been barred under the previous law, would, as to that claim, be an unconstitutional deprivation of property. The limitation of two years in the amending act of February, 1920, has been held, not merely to affect the remedy, but to terminate and destroy the liability which the act created. And to revive that liability after it had been so terminated by the period of limitations would, says the Supreme Court, be to deprive the carriers of their property without due process of law, in violation of the Fifth Amendment to the Constitution of the United States. *Phillips v. Grand Trunk Western Co.,* and *Danzer v. Gulf & Ship Island R. Co., supra.*

This rule has been recently applied in another case to which counsel in the present case referred at the argument. *Morgan's Louisiana & Texas Co. v. Cocke,* 273 U. S. 656. The United States Circuit Court of Appeals of the Fifth Circuit had held (4 Fed. [2d] 961) that the period of limitations for a suit for overcharges could be extended by an Act of Congress even as to a claim already barred by limitations under the previous law, but the Supreme Court, upon the authority of cases cited above and others to the same effect, reversed the decision of the Circuit Court of Appeals.

It results from these decisions, therefore, that the claim for unlawful charges now sued on was, under the law as it then stood, barred in June, 1923, and any liability there may have been for repayment, was terminated and destroyed at that time; and this being true, the Act of June, 1924, (section 16, paragraph 3, sub-section [h]), did not revive the action until December, 1924, because of the unconstitutionality of such operation. For this reason we have come to the same conclusion as that of the trial court.

The appellant further argues that inasmuch as this suit is brought in a state court, where the statute of limitations affects the remedy only (*Swearingen v. United States,* 11 G. & J. 373), the extension of time in the Act of Congress of ·

June 7th, 1924, could operate constitutionally to extend the time for suit in the state courts, and that it did so in this instance by virtue of the provision in section 22, paragraph (1), of the federal act, that "nothing in this act contained shall in any way abridge or alter the remedies now existing at common law or by statute, but the provisions of this act are in addition to such remedies."

But it would seem that, the cause of action being one upon the requirement of the Interstate Commerce Act that tariffs be filed, it was, after two years, terminated and destroyed by that act for the state jurisdiction as well as the federal jurisdiction. Furthermore, the effect of the section 22, paragraph 1, just quoted, would be only to preserve remedies in both jurisdictions, and the extension of limitations to three years in the act of June 7th, 1924, cannot be classed as an additional remedy given by that act; and we do not see any valid theory upon which it could be held to extend the Maryland limitations.

*Judgment affirmed, with costs to the appellees.*