### KANSAS CITY SOUTHERN RY. CO. v. WOLF. *

(Circuit Court of Appeals, Eighth Circuit. April 5, 1921.)

#### No. 5432.

Commerce ☞89—Action to recover overcharge within jurisdiction of court.
  A direct action in court may be maintained against a railroad company to recover overcharges on shipments, where no question is made as to tariff schedules or rules requiring administrative action by the Interstate Commerce Commission, but the only issue is one of fact as to whether or not defendant furnished a service that entitled it to the higher rate charged.

In Error to the District Court of the United States for the Western District of Missouri; Arba S. Van Valkenburgh, Judge.

Action at law by Harry B. Wolf against the Kansas City Southern Railway Company. Judgment for plaintiff, and defendant brings error. Affirmed.

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes
*Rehearing denied July 2, 1921.

John H. Lathrop, of Kansas City, Mo. (Cyrus Crane and Hugh E. Martin, both of Kansas City, Mo., and James M. Souby, of Omaha, Neb., on the brief), for plaintiff in error.

Charles M. Blackmar, of Kansas City, Mo. (Joseph P. Duffy and Henry A. Bundschu, both of Kansas City, Mo., on the brief), for defendant in error.

Before HOOK and STONE, Circuit Judges, and LEWIS, District Judge.

HOOK, Circuit Judge. This was an action by Wolf, assignee of a number of shippers, to recover freight overcharges. The published tariffs of the railway company specified two rates for shipments of strawberries in carload lots; the higher rate carrying an additional charge for icing, and the lower not. The applicability of the one or the other depended upon a condition of fact recited in published rules of the company. It was shown at the trial that the condition entitling the shippers to the lower rate without charge for icing existed, but the higher rate was charged and collected.

The controlling question in the case is whether the claims for repayment of the overcharges might be the subject of an original action in court, or, on the other hand, should first have been submitted to the Interstate Commerce Commission. Interstate Commerce Act, §§ 9, 16, and 22, 24 Stat. 379, 34 Stat. 584 (Comp. St. §§ 8573, 8584, 8595); 41 Stat. 491. The former procedure was adopted in this case. If the latter should have been followed, the claims were barred by the limitation provided in section 16.

We think it quite plain that there was nothing about the tariffs, rules, or claims for overcharge calling for any administrative action of the Commission as a prerequisite to an action in court. There was no attack upon the tariffs or the rules. The lower rate expressly applied, in the absence of a particular transportation service within the control of the railway company, and it was shown that the service was not furnished. The conclusion that it was proper to bring an original action in court is supported by National Elevator Co. v. Railway, 158 C. C. A. 558, 246 Fed. 588, decided by this court. See, also, Pennsylvania R. Co. v. Puritan Coal Co., 237 U. S. 121, 35 Sup. Ct. 484, 59 L. Ed. 867; Illinois Central R. Co. v. Mulberry Coal Co., 238 U. S. 275, 35 Sup. Ct. 760, 59 L. Ed. 1306; Pennsylvania R. Co. v. Sonman Coal Co., 242 U. S. 120, 37 Sup. Ct. 46, 61 L. Ed. 188.

The judgment is affirmed.