## BUTLER MOTOR CO. v. ATCHISON, T. & S. F. RY. CO.

### (Circuit Court of Appeals, Eighth Circuit. April 7, 1921.)

### No. 5445.

**1. Carriers ⬤189—Dunnage used in automobile cars subject to automobile rate.**

Under a tariff classification providing that unless otherwise provided charges shall be computed on gross weights, and in the absence of other provision, dunnage used in blocking and securing automobiles in the car *held* subject to the automobile rate, and not to the lumber rate.

**2. Commerce ⬤89—Action to determine rate on dunnage held within jurisdiction of court.**

An action to determine the rate applicable to dunnage used in shipments of automobiles, where the only question was the construction of the terms of published tariff classifications *held* within the jurisdiction of a court, and not requiring a precedent application to the Interstate Commerce Commission.

In Error to the District Court of the United States for the Western District of Missouri; Arba S. Van Valkenburgh, Judge.

Action at law by the Butler Motor Company against the Atchison, Topeka & Santa Fé Railway Company. Judgment for defendant, and plaintiff brings error. Affirmed.

L. A. Laughlin, of Kansas City, Mo. (Hal R. Lebrecht, of Kansas City, Mo., and S. C. Bates, of Springfield, Mo., on the brief), for plaintiff in error.

J. R. Bell, of Kansas City, Mo. (Thomas R. Morrow, George J. Mersereau, and John H. Lathrop, all of Kansas City, Mo., on the brief), for defendant in error.

Before HOOK and STONE, Circuit Judges, and LEWIS, District Judge.

HOOK, Circuit Judge. [1] The principal question in this case is whether the railway company rightly charged and collected at the automobile rate the dunnage on shipments of automobiles in closed cars from Detroit, Mich., to Kansas City, Mo. Dunnage, so called, consisted of the wooden braces and blocking used to keep the automobiles steady in the cars, the weight of which was separately specified in the bills of lading. The plaintiff, Butler Motor Company, contends that the transportation of the dunnage should have been at the lower lumber rate in less than carload lots. The trial court decided in favor of the railway company.

Prior to the shipments in question there had been a published rule allowing shippers 500 pounds free dunnage, and providing that the excess should be paid for at the rate applicable to the lading of the car. This rule was canceled before plaintiff's shipments were made, consequently the plaintiff claims that not only was the free allowance abrogated, but also the provision applying the automobile rate to any part of the dunnage, leaving as the sole rate for dunnage the less than carload rate for lumber. But the conclusion does not follow. Prop-

erly regarded, dunnage belongs to the category of crating and boxing employed to protect more valuable articles in shipment, the weight of which, unless some provision to the contrary appears, naturally takes the rate applicable to the contents. Dunnage can hardly be regarded as lumber in a commercial or transportation sense. In substantial part it is of negligible value after it has served its temporary purpose, and is disposed of accordingly. It appears that both the Official and Western Traffic Classifications covering the territory in which plaintiff's shipments moved contained a general provision that unless otherwise provided "charges shall be computed on gross weights," which, without more, would be decisive of the question. There was also a provision in one of those classifications that no allowance would be made for the weight of dunnage, except on shipments in flat or gondola cars. In the other classification there was a specific allowance of 500 pounds free dunnage on shipments in such cars. But plaintiff's shipments were, as already stated, in closed cars, and the provisions of the classifications, relating as they do specifically to shipments unlike those in question, serve to make plain the propriety of the inclusion of dunnage in the gross weight to which the automobile rate was applicable.

[2] The defendant suggests that the case is one primarily for the Interstate Commerce Commission, and not for the courts. Texas & Pacific R. Co. v. American Tie Co., 234 U. S. 138, 34 Sup. Ct. 885, 58 L. Ed. 1255. The question in that case was whether oak railroad crossties came under a published lumber rate; there being no specific rate for ties eo nomine. It appeared that among practical men there was a controversy whether railroad ties could properly be regarded as lumber. It was held that the question was primarily for the Commission. But in the case at bar the question is one of pure construction of the terms of published classifications and tariffs. There was no complexity, doubt, or confusion as to the subject upon which the tariff operated to call for the administrative action of the Commission. We discussed this question in Kansas City Southern R. Co. v. Wolf, 272 Fed. 681, decided at this term.

The judgment is affirmed.