**COLLINS CO. v. DAVIS, Director General of Railroads and Agent, etc.**

(District Court, D. Connecticut. July 31, 1922.)

No. 2441.

**1. Commerce ⬅89—Court held to have jurisdiction of action to recover overcharges in first instance.**

Under the rule that a federal court has primary jurisdiction of an action against an interstate carrier to recover overcharges, without previous submission of the claim to the Interstate Commerce Commission, where there is no occasion for the exercise of administrative discretion, and the construction of the tariff requires only determination of the meaning of words used in their ordinary sense, a complaint *held* prima facie to state a cause of action cognizable by a court in the first instance.

**2. Commerce ⬅89—Claims arising out of federal control need not be first presented to Commission.**

Transportation Act of 1920, § 206a, does not require that claims arising out of federal control, on which prior to such control, an action might have been brought against the carrier, without first resorting to the Interstate Commerce Commission, must be submitted to the Commission under subdivision "c," before action may be brought thereon.

⬅For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

At Law. Action by the Collins Company against James C. Davis, Director General of Railroads and Agent. On plea in abatement. Overruled.

Arthur L. Shipman, of Hartford, Conn., for plaintiff.

John F. Finerty, of Washington, D. C., and Norman S. Buckingham, of New Haven, Conn., for defendant.

THOMAS, District Judge. This is an action for damages alleged to have been caused by reason of the collection by the Director General, during the period of federal control, of overcharges in excess of the lawfully published rate, in violation of section 6 of the Interstate Commerce Act (Comp. St. § 8569).

The material allegations of the complaint are that the plaintiff delivered to the defendant goods in mixed carload lots for shipment from Collinsville, Conn., to New York City. Such shipments consisted of a minimum carload or more of fifth-class goods, and only a relatively small quantity of higher class goods, and were described on its bills of lading as "tools." By such bills of lading the defendant agreed to transport said property—

"subject to the classifications and tariffs in effect on the date of the receipt by the carrier of the property described in the original bill of lading."

And it is further alleged in the complaint that, notwithstanding these facts, the defendant wrongfully compelled the plaintiff to pay the fourth-class rate on these shipments, although the entire aggregate charges were less on the basis of carload rate and carload weight for the fifth-class articles, and on the basis of less than carload rate and weight for the other articles contained in the shipments, in violation of rule 10 of the Official Classifications in effect at the several dates of shipment.

[1] The defendant interposed a plea in abatement and to the jurisdiction, contending that, even prior to federal control, such an action could not have been maintained without a precedent finding and award by the Interstate Commerce Commission, and that under § 206c of the Transportation Act (41 Stat. 456) said Commission has exclusive jurisdiction of it.

The Supreme Court of the United States in a very recent decision (Great Northern Railway Co. et al. v. Merchants' Elevator Co., 258 U. S. ——, 42 Sup. Ct. 477, 66 L. Ed. 551, decided May 29, 1922). stated the circumstances under which the courts have jurisdiction of an action for overcharges before submission of the controversy to the Interstate Commerce Commission, holding that, where the construction of a tariff involves no exercise of administrative discretion, nor the determination of any disputed question of fact, preliminary resort to the Commission is unnecessary. The court, speaking by Mr. Justice Brandeis, said:

"But where the document to be construed is a tariff of an interstate carrier, and before it can be construed it is necessary to determine upon evidence the peculiar meaning of words or the existence of incidents alleged to be attached by usage to the transaction, the preliminary determination must be made by the commission, and not until this determination has been made can a court take jurisdiction of the controversy."

And later in the opinion the learned Justice further said:

"Here no fact, evidential or ultimate, is in controversy, and there is no occasion for the exercise of administrative discretion. The task to be performed is to determine the meaning of words of the tariff which were used in their ordinary sense and to apply that meaning to the undisputed facts. That operation was solely one of construction, and preliminary resort to the Commission was therefore unnecessary."

In the case at bar there is clearly no occasion for the exercise of administrative discretion. It seems to me that whether the construction of the tariff involves a question of fact cannot be determined until the case is at issue, and that therefore the general rule that in the federal courts the facts essential to jurisdiction must be alleged in the complaint should not be applied, so as to require it to set forth facts not known at the time. The facts alleged are sufficient to show, prima facie, that the cause is one of which this court had jurisdiction prior to federal control. The plea to the jurisdiction should set forth the facts, if any, from which it would appear that the court has no jurisdiction, since they are known only to the defendant. The adoption of any other rule would prevent the courts from ever exercising jurisdiction over an action for overcharges.

[2] Section 206a of the Transportation Act provides, so far as is here material, that—

"Actions at law * * * based on causes of action arising out of the possession, use, or operation by the President of the railroad * * * of such character as prior to federal control could have been brought against such carrier, may, after the termination of federal control be brought against an agent designated by the President for such purpose. * * * Such actions * * * may, within the periods of limitation now prescribed by state or federal statutes but not later than two years from the date of the passage of this act, be brought in any court which but for federal control would have had jurisdiction of the cause of action had it arisen against such carrier."

Section 206c provides, in part, that—

"Complaints praying for reparation on account of damage claimed to have been caused by reason of the collection or enforcement by or through the President during the period of federal control of rates, * * * which were unjust, unreasonable, unjustly discriminatory, or unduly or unreasonably prejudicial or otherwise in violation of the Interstate Commerce Act, may be filed with the Commission within one year after the termination of federal control, against the agent designated by the President under subdivision (a) ; * * * The Commission is hereby given jurisdiction to hear and decide such complaints in the manner provided in the Interstate Commerce Act."

The present action is alleged to be one for damages caused by the collection of rates in violation of the Interstate Commerce Act, which, so far as appears from the complaint, could have been brought against the carrier prior to federal control. The language of section 206c is no more applicable than that of section 206a. It is urged by the defendant that the former should control, because it is specific and the later is general; but I cannot agree that one is any more specific than the other. In the absence of any indication of a contrary intent, these provisions must be construed merely as substituting the agent appointed by the President for the carrier in actions by the shipper, and not as affecting the rights of the latter.

Any actions which could have been brought against the carrier without preliminary resort to the Interstate Commerce Commission may be brought in the same way against the defendant. In Kansas City Southern Ry. Co. v. Wolf (C. C. A.) 272 Fed. 681, and Butler Motor Co. v. Atchison, T. & S. F. Ry. Co. (C. C. A.) 272 Fed. 683, the right of a shipper to recover damages for overcharges without preliminary resort to the Interstate Commerce Commission was sustained. Both these actions were brought under the Transportation Act, but no mention was made of section 206c of that act.

It is further contended by the defendant that the Act of February 24, 1922, amending section 206c of the Transportation Act, so as to provide that complaints on account of damages claimed in respect of overcharges may be filed within 2½ years after the termination of federal control, was a legislative construction of this section to the effect that all claims for overcharges must be submitted to the Interstate Commerce Commission. There is nothing in the language of the act which would justify giving it such a construction. Unquestionably, claims for overcharges must, in many cases, be submitted to the Interstate Commerce Commission before suit can be brought. Full effect is given to the amendment by construing it as applying to such claims.

The defendant's plea must therefore be overruled; and it is so ordered.