## KANSAS CITY SOUTHERN RAILWAY COMPANY *v.* WOLF ET AL.

ERROR TO THE CIRCUIT COURT OF APPEALS FOR THE EIGHTH CIRCUIT.

No. 194. Argued January 9, 1923.—Decided February 19, 1923.

1. Under §§ 9 and 16 of the Interstate Commerce Act, 24 Stat. 382; 34 Stat. 590, an action by a shipper to recover charges collected by a carrier in excess of tariff rates must be brought within two years from the time when the cause of action accrued.  P. 138.
2. The lapse of a longer time not only bars the remedy but destroys the liability.  P. 140.

272 Fed. 681, reversed.

ERROR to a judgment of the Circuit Court of Appeals affirming a judgment of the District Court for the defendants in error in an action to recover overcharges from the Railway Company.

*Mr. Frank H. Moore,* with whom *Mr. Cyrus Crane, Mr. Samuel W. Moore* and *Mr. George H. Muckley* were on the brief, for plaintiff in error.

*Mr. Charles M. Blackmar,* with whom *Mr. Henry A. Bundschu* and *Mr. Joseph P. Duffy* were on the brief, for defendants in error.

Section 9 of the Commerce Act plainly shows the two remedies which are open to any person who has suffered damages by reason of the violation of any of the provisions of the act, and the charging of rates in excess of the lawful published tariff rates is a violation of the act. It also specifically states that such party shall be entitled to use either of said remedies but not both. There is nothing in this section which places any limitation upon the time in which such a suit should be instituted in court. This leaves the matter of time entirely open. Unless a limitation appears elsewhere in the act, the state statute of limitation applies.

Section 16 of the Commerce Act deals exclusively with procedure before the Commission, except that in subdivision (b) it provides for the enforcement in the courts of the United States of orders for the payment of money made by the Commission. There is nothing in this section which in any way relates to § 9, nor is there anything said with reference to the limitation of the time in which a suit shall be instituted originally in the District Court; but the statute does specifically say that such claims shall be filed with the Commission within two years from the time the cause of action accrues. If the construction which the defendant places on the statute is to prevail, the Court must either read out of § 16 the words " with the Commission," or must read into it words which extend its meaning to suits instituted originally in the District Court.

The defendant has pointed out in its brief that this section is no ordinary statute of limitations, that it goes further than merely barring the remedy, and destroys the liability. But the section is not ambiguous and, consequently, there is no room for construction, *United States* v. *Wiltberger,* 5 Wheat. 77, 95, 96; nor can its plain words be supplanted. by speculation concerning the policy of Congress. *Bate Refrigerating Co.* v. *Sulzberger,* 157 U. S. 1, 36, 37.

*Phillips Co.* v. *Grand Trunk Western Ry. Co.*, 236 U. S. 662, has no application. It was a suit to recover unreasonable charges but nevertheless charges assessed according to a published tariff.

The question involved was decided in *Lyne* v. *Delaware, Lackawanna & Western R. R. Co.*, 170 Fed. 847, 849. See also *Copp* v. *Louisville & Nashville R. R. Co.*, 50 Fed. 164; *Chicago, R. I. & P. Ry. Co.* v. *Lena Lumber Co.*, 99 Ark. 105.

Section 8 of the Commerce Act provides in substance that a carrier which shall omit any act, matter or thing in the act required to be done shall be liable to the person or persons injured thereby for the full amount of the damages. This section provides no limitation of time within which the suit shall be brought. Paragraph (g) of § 6 prohibits a carrier from collecting a greater amount than that provided in the published tariffs. Section 22 provides that nothing in the act shall in any way abridge or alter the remedies existing at common law or by statute, but the provisions of the act are in addition to such remedies. There is no limitation placed in this section.

Independently of the act, a carrier is liable for any excess collected over its published tariff rates. In the case before the Court the plaintiff asserts a right cognizable either before a state court of competent jurisdiction or before a United States District Court. *Pennsylvania R. R. Co.* v. *Puritan Coal Co.*, 237 U. S. 121, 129; *Pennsylvania R. R. Co.* v. *Sonman Coal Co.*, 242 U. S. 120, 123.

The suit is not based, as claimed by the defendant, upon a ruling of the Commission involving the tariff in question. The basis of the plaintiff's claim is a right which may be asserted in the District Court without first making application to the Commission. *Great Northern Ry. Co.* v. *Merchants Elevator Co.*, 259 U. S. 285.

The action is one to recover charges assessed in excess of the lawful published tariff rates and not one which in

any way involves unjust, unlawful, discriminatory, preferential or prejudicial rates. Concretely, the question is whether or not under the circumstances stated in a rule of the Commission the shipper is entitled to the benefit of the less-than-carload rate providing he is willing to pay for ten thousand pounds at the second class rate as a minimum. The only limitation on the rule is whether or not the shipper is able to avail himself of a regularly scheduled refrigeration less-than-carload service. That limitation has gone out of this case because the undisputed testimony is that the railway company maintains no such service. There is nothing in this rule which calls for an exercise of the administrative or executive functions of the Commission. The rule is printed in plain English and all shippers have a right to rely upon the wording of the rule.

There are two methods for the recovery of damages resulting from a violation of the act, such as charging more than the tariff rate. That is a person may either present his claim within the two-year period to the Commission, or he may sue directly in the District Court. *National Elevator Co. v. Chicago, M. & St. P. Ry. Co.,* 246 Fed. 588; *National Pole Co.* v. *Chicago & N. W. Ry. Co.,* 211 Fed. 65, 71; *Mitchell Coal Co.* v. *Pennsylvania R. R. Co.,* 230 U. S. 247; *Pennsylvania R. R. Co.* v. *International Coal Co.,* 230 U. S. 184.

Cases involving the exercise of the administrative functions of the Commission should in the first instance be filed before the Commission. While, on the other hand, if the action is based upon a violation or discriminatory enforcement of the carrier's published tariffs, rules or regulations, it may be brought in the District Court in the first instance. *Louisville & Nashville R. R. Co.* v. *Cook Brewing Co.,* 223 U. S. 70; *Pennsylvania R. R. Co.* v. *Puritan Coal Co.,* 237 U. S. 121; *National Elevator Co.* v. *Chicago, M. & St. P. Ry. Co., supra; Illinois Central R. R. Co.* v. *Mulberry Hill Coal Co ,* 238 U. S. 275, 283.

In the case before the Court, the rights of the parties were fixed at the time shipments moved by tariffs lawfully filed and which were in full force and effect. *St. Louis, I. Mt. & So. Ry. Co.* v. *Hasty & Sons*, 255 U. S. 252; *Pennsylvania R. R. Co.* v. *Sonman Coal Co.*, 242 U. S. 120.

MR. JUSTICE McREYNOLDS delivered the opinion of the Court.

The original action was begun in the United States District Court, Western District of Missouri, May 12, 1915, to recover charges in excess of the published tariff rates collected by the plaintiff in error upon sundry interstate shipments of strawberries. All the shipments and payments were made prior to June 1, 1912. The company demurred, "because each of said counts shows upon its face that the pretended claim which is made the basis of such count accrued more than two years prior to the institution of this action."

The trial court overruled the demurrer and this was approved by the Circuit Court of Appeals (272 Fed. 681), which said: "The controlling question in the case is whether the claims for repayment of the overcharges might be the subject of an original action in court, or, on the other hand, should first have been submitted to the Interstate Commerce Commission. . . . The former procedure was adopted in this case. If the latter should have been followed, the claims were barred by the limitation provided in section 16. We think it quite plain that there was nothing about the tariffs, rules, or claims for overcharge calling for any administrative action of the Commission as a prerequisite to an action in court. There was no attack upon the tariffs or the rules."

From 1906 to 1920 the Interstate Commerce Act, 24 Stat. 379, 382; 34 Stat. 584, 590, provided—

"Sec. 9. That any person or persons claiming to be damaged by any common carrier subject to the provisions

of this act may either make complaint to the Commission as hereinafter provided for, or may bring suit in his or their own behalf for the recovery of the damages for which such common carrier may be liable under the provisions of this act, in any district or circuit court of the United States of competent jurisdiction; but such person or persons shall not have the right to pursue both of said remedies, and must in each case elect which one of the two methods of procedure herein provided for he or they will adopt. . . ."

"Sec. 16. . . . All complaints for the recovery of damages shall be filed with the Commission within two years from the time the cause of action accrues, and not after, and a petition for the enforcement of an order for the payment of money shall be filed in the circuit court within one year from the date of the order, and not after." [1]

In *Phillips Co.* v. *Grand Trunk Western Ry. Co.*, 236 U. S. 662, 667, an action begun in the United States Cir-

---

[1] The Transportation Act, February 28, 1920, c. 91, 41 Stat. 456, 492, amended the pertinent portion of § 16 so that it now reads—

" Sec. 16 (3). All actions at law by carriers subject to this Act for recovery of their charges, or any part thereof, shall be begun within three years from the time the cause of action accrues, and not after. All complaints for the recovery of damages shall be filed with the Commission within two years from the time the cause of action accrues, and not after, unless the carrier, after the expiration of such two years or within ninety days before such expiration, begins an action for recovery of charges in respect of the same service, in which case such period of two years shall be extended to and including ninety days from the time such action by the carrier is begun. In either case the cause of action in respect of a shipment of property shall, for the purposes of this section, be deemed to accrue upon delivery or tender of delivery thereof by the carrier, and not after. A petition for the enforcement of an order for the payment of money shall be filed in the district court or State court within one year from the date of the order, and not after."

Section 9 was not changed by the Transportation Act, 1920.

cuit Court, the plaintiff alleged that the Interstate Commerce Commission had declared the published tariff rate unreasonable and sought to recover overcharges paid more than four years prior thereto. Referring especially to § 16, *supra,* this Court declared—

"Under such a statute the lapse of time not only bars the remedy but destroys the liability (*Finn* v. *United States,* 123 U. S. 227, 232) whether complaint is filed with the Commission or suit is brought in a court of competent jurisdiction. This will more distinctly appear by considering the requirements of uniformity which, in this as in so many other instances must be borne in mind in construing the Commerce Act. . . . To have one period of limitation where the complaint is filed before the Commission and the varying periods of limitation of the different States, where a suit was brought in a court of competent jurisdiction; or to permit a railroad company to plead the statute of limitations as against some and to waive it as against others would be to prefer some and discriminate against others in violation of the terms of the Commerce Act which forbids all devices by which such results may be accomplished. . . . The Railroad Company therefore was bound to claim the benefit of the statute here and could do so here by general demurrer. For when it appeared that the complaint had not been filed within the time required by the statute it was evident, as matter of law, that the plaintiff had no cause of action. The carrier not being liable to the plaintiff for overcharges collected more than four years prior to the bringing of this suit, it was proper to dismiss the action."

True it is that the claim of Phillips & Co. was based upon schedule tariff charges theretofore declared to be unreasonable by the Interstate Commerce Commission, while here the payments demanded are said to exceed the published rates when properly applied. But the doctrine of the *Phillips Case* and the reasoning advanced to sup-

port it, we think, are applicable to the circumstances of the instant cause. The lapse of time had destroyed any liability by the carrier to the shipper or his assignee for the alleged overcharges, and the demurrer should have been sustained.

*Reversed.*