SAN DIEGO & A. RY. CO. v. ATCHISON, T. & S. F. RY. CO. et al.

(District Court, S. D. California, S. D.   October 23, 1923.)

No. 1125.

Limitation of actions ⬡➜114—Time for filing claim with Interstate Commerce Commission for reparation extended by Transportation Act.

The provision of Transportation Act, § 206(f), that "the period of federal control shall not be computed as a part of the periods of limitation * * * in claims for reparation to the commission for causes of action arising prior to federal control," held effective to authorize the commission to award reparation for an excessive charge made prior to federal control, though the claim would otherwise have been barred under Comp. St. § 8584(2).

At Law.   Action by the San Diego & Arizona Railway Company against the Atchison, Topeka & Santa Fé Railway Company and others. On demurrer to complaint.   Overruled.

Read G. Dilworth, of Coronado, Cal., and V. F. Bennett, of San Diego, Cal., for plaintiff.

E. W. Camp, M. W. Reed, and Robert Brennan, all of Los Angeles, Cal., for Atchison, Topeka & Santa Fé Ry. Co.

JAMES, District Judge.   This action is brought to enforce a reparation order made by the Interstate Commerce Commission, by which order the plaintiff here was found to be entitled to recover from the defendant the sum of $2,285.09.   62 Interst. Com. Com'n R. 676.   The allowance was made on account of an admitted unreasonable transportation charge which the defendant imposed for the carrying of two motor cars from Minneapolis to San Diego, shipment having moved from the first point on October 26, 1916.   Defendant has demurred to the complaint on the general ground that sufficient facts are not stated to entitled plaintiff to a recovery.

The question presented is as to whether the right of plaintiff to have a reparation order made by the Interstate Commerce Commission was lost by reason of the fact that more than two years elapsed after the cause for complaint accrued before plaintiff filed its petition with the Commission.   The general statute affecting the subject (section 8584, subd. 2, U. S. Comp. Stats. of 1918) provides as follows:

"All complaints for the recovery of damages shall be filed with the Commission within two years from the time the cause of action accrues, and not after. * * *"

The complaint upon which reparation was granted by the Commission was filed on December 8, 1920, which was long after the period of limitation had expired.   Meanwhile the period of federal control had intervened, during which, however, the power of the Interstate Commerce Commission to adjust such a claim was not suspended.   Congress passed a general transportation act in 1920 (see Fed. Stat. Ann. Supp. 1920, p. 72), wherein, among other things, it determined that federal control should cease on March 1, 1920, and, further, that—

"The period of federal control shall not be computed as a part of the periods of limitation in actions against carriers or in claims for reparation to the Commission for causes of action arising prior to federal control." Section 206(f).

The decision of the Interstate Commerce Commission, defendant admits, was authorized by the terms of the law. It is insisted, however, that Congress was without power to revive the liability which had been extinguished by the lapse of time. It has been held that the right to have reparation made under the provisions of the Interstate Commerce Act depends upon the claim being made strictly within the time limited.

"Under such a statute the lapse of time not only bars the remedy but destroys the liability." Phillips Co. v. Grand Trunk Western Ry. Co., 236 U. S. 662, 35 Sup. Ct. 444, 59 L. Ed. 774.

See, also, Finn v. U. S., 123 U. S. 227, 8 Sup. Ct. 82, 31 L. Ed. 128; Kansas City Southern Ry. Co. v. Wolf, 261 U. S. 133, 43 Sup. Ct. 259, 67 L. Ed. 571.

It is the established law that a legislative body has the right, in extending the period within which an action may be prosecuted, to make such period apply to past obligations, even though the effect may be to revive the right to sue. This with the exception that, where the lapse of time has perfected a right of ownership in property, such right then becomes vested and may not be disturbed. As to debts generally, however, it is uniformly held that a creditor has no right of a vested kind under a statute of limitations. In an instructive decision on this point, in which the question was given careful consideration, the holding of the court is epitomized in the quotation:

"Time does not pay the debt, but time may vest the right of property." Campbell v. Holt, 115 U. S. 620, 6 Sup. Ct. 209, 29 L. Ed. 483.

It may be admitted that, were a private debtor here concerned, and were the claim one which in its right was destroyed by the lapse of time, the legislative branch of the government would be powerless to revive the debt. But in the legislation here considered Congress was acting within the powers committed to it in the regulation of commerce. The carriers concerned have no right, separate from the general public interest, to the benefit of the limitation. Public concern is paramount. This is made clear by the Supreme Court of the United States in Phillips v. Grand Tr. Ry. Co., supra, wherein it is held that the carrier cannot waive the limitation. In that decision it is said:

"The obligation of the carrier to adhere to the legal rate, to refund only what is permitted by law and to treat all shippers alike would have made it illegal for the carriers, either by silence or by express waiver, to preserve to the Phillips Company a right of action which the statute required should be asserted within a fixed period. * * * To permit a railroad company to plead the statute of limitations as against some and to waive it as against others would be to prefer some and discriminate against others in violation of the terms of the Commerce Act which forbids all devices by which such results may be accomplished."

And so it would seem a necessary conclusion that when Congress determined that the right to have compensation awarded for unrea-

sonable exactions, or other proper damages, might be claimed within two years, excluding the period of federal control, it invaded no vested right, even though the full period of limitation had expired before the act was passed. The revivor affected a cause which had in fact existed, and which was satisfied only in the sense that the law, as it stood at the time the claim accrued, considered the two years' limitation as inseparable from the right. As the change would require nothing to be rendered by the carrier other than was its obligation in the first place, and as the limitation was more largely for the public benefit than in the interest of the carrier, the legislation was of a competent kind.

The demurrer is overruled, with leave to defendant to answer within ten days after notice of the ruling, if it so desires.