## PENNSYLVANIA R. CO. v. CHESAPEAKE & OHIO COAL & COKE CO.

(District Court, S. D. New York. October 29, 1923.)

**1. Commerce &⇒89—Whether agreement to collect freight from consignee and to refund it to shipper illegal held for Interstate Commerce Commission.**

In the absence of proof that a promise by a railroad to collect freight from consignee and to refund it to shipper was not an established practice, the question of the reasonableness of the practice was solely for the Interstate Commerce Commission and not for the courts, since it is only when

there is some variation from a published regulation or practice, established by the rule and not contrary to law, that a court has power to intervene.

2. Carriers ⊚⇒69(1)—Suit for breach of discriminatory contract held not required to be brought within two years; "civil wrong."

Shipper's claim against carrier for breach of contract to collect freight from consignee and to refund it to shipper, even if such contract is an illegal discrimination, *held* not to arise out of a "civil wrong," under Interstate Commerce Act, § 8 (Comp. St. § 8572), on which suit must be brought within two years, under sections 2, 9 (Comp. St. §§ 8564, 8573).

At Law. Action by the Pennsylvania Railroad Company against the Chesapeake & Ohio Coal & Coke Company. On motion. Motion denied.

O'Brien, Boardman, Parker & Fox, of New York City, for plaintiff.
Weiss & Wharton, of New York City, for defendant.

LEARNED HAND, District Judge. Two points are raised which need discussion: First, that the contract set forth in the counterclaim was an illegal discrimination in favor of the defendant, and therefore illegal; second, that the claim is barred by the section of limitation of the Interstate Commerce Act (Comp. St. § 8563 et seq.).

[1] First. If it appeared in the pleadings that the plaintiff's promise to collect the freight of the consignee and refund it to the defendant was a special favor to the latter, an exception to its practices as regards every shipper similarly situated, then the cases might apply on which the plaintiff relies. Nothing of the sort does appear. On the contrary, for aught that I can know, it was the plaintiff's uniform practice, whenever requested, to collect freights from the consignees and remit. If that was an established practice, and not an exception in the defendant's case, I may not undertake to declare it unreasonable. It would be a matter solely for the Interstate Commerce Commission. Mitchell Coal Co. v. Pennsylvania Railroad Co., 230 U. S. 247, 33 Sup. Ct. 916, 57 L. Ed. 1472; Morrisdale Coal Co. v. Pennsylvania Railroad Co., 230 U. S. 304, 33 Sup. Ct. 938, 57 L. Ed. 1494. It is only when there is some variation from a published regulation or a practice established by the railway, and not contrary to law or to an order of the Commission, that a court has power to intervene. Prima facie equal treatment to all is reasonable treatment.

[2] Second. As to the limitation of two years: Section 8 (Comp. St. § 8572) creates a civil wrong for any violation of omission or commission of the act, and section 9 (Comp. St. § 8573) allows access to the Commission or a federal court. Section 16 (2), being Comp. St. § 8584, imposes a limitation of two years upon bringing suit before the Commission. Under Phillips Co. v. Grand Trunk Western Railway Co., 236 U. S. 662, 35 Sup. Ct. 444, 59 L. Ed. 774, and Kansas City Southern Railway Co. v. Wolf, 261 U. S. 133, 43 Sup. Ct. 259, 67 L. Ed. 571, this provision was extended to suits in the courts. Nowhere is it suggested that it applies to actions arising at common law, such as may be instituted in a state court, even though the liability also arise under the act. Pennsylvania Railroad v. Puritan Coal Co., 237 U. S. 121, 35 Sup. Ct.

⊚⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

484, 59 L. Ed. 867; Pennsylvania Railroad v. Sonman Shaft Coal Co., 242 U. S. 120, 37 Sup. Ct. 46, 61 L. Ed. 188. Where, as here, it arises in contract, it makes no difference that it may also be a duty imposed by law, as an established practice of the carrier. In no event is it a wrong arising under section 8. If it were, then no contract of carriage of any kind made by a carrier would survive more than two years after its breach.

Motion denied.