## BUTTON v. ATCHISON, T. & S. F. RY. CO.

(Circuit Court of Appeals, Eighth Circuit. September 4, 1924.)

No. 6536.

1. **Courts ⊂⊃375—Action to recover charges before Transportation Act governed by state limitation statute.**

An action by a railroad company to recover charges, before the passage of Transportation Act 1920 (Comp. St. § 8563 et seq.), was governed as to limitation by the state statutes.

2. **Limitation of actions ⊂⊃6(1)—Statute may be given retroactive effect where it would impair no existing right.**

A statute of limitation is construed as operating prospectively only where in the particular case, if retroactive. it would at once bar a right of action existing under the former law at the time of its passage, but, if no right is impaired or destroyed by giving it a retroactive effect, the reason of the rule ceases, and the rule itself should cease.

3. **Carriers ⊂⊃196—Limitation of action to recover charges; time not extended by Transportation Act.**

Where an action by a carrier to recover charges was not barred by the state statute of limitation of three years, but a reasonable time for commencement of the action still remained at the time of enactment of Transportation Act Feb. 28, 1920, § 424 (3), being Comp. St. Ann. Supp. 1923, § 8584, and providing that such actions shall be begun within three years from the time the cause of action accrues, "and not after," the federal statute should not be construed to extend the time for bringing the action for three years from the date of its passage and beyond the time fixed by the prior state statute, which it superseded, but should be construed as it reads, and the action is barred in three years after the cause of action accrued.

4. **Carriers ⊂⊃30—Constitutional law ⊂⊃107—Law against charging less than published rate, not for benefit of carrier, but to protect public; limitation of statutory right of action does not impair vested rights.**

The provisions of Interstate Commerce Act requiring carriers to charge no less than their published rates, and giving them the right to recover the difference if a lower rate is paid, are not for the benefit of the carrier, but for the protection of the public from discriminations, and a limitation by Congress of the time within which an action for such recovery may be brought violates no vested right of the carrier.

In Error to the District Court of the United States for the Western District of Oklahoma; John H. Cotteral, Judge.

Action at law by the Atchison, Topeka & Santa Fé Railway Company against F. G. Button. Judgment for plaintiff, and defendant brings error. Reversed.

John Embry, of Oklahoma City, Okl. (Embry, Johnson & Tolbert, of Oklahoma City, Okl., on the brief), for plaintiff in error.

George M. Green, of Oklahoma City, Okl. (Cottingham, McInnis & Green and M. M. Gibbens, all of Oklahoma City, Okl., on the brief), for defendant in error.

Before KENYON, Circuit Judge, and AMIDON and SCOTT, District Judges.

AMIDON, District Judge. This writ of error challenges a judgment in favor of the railway company in an undercharge suit on a shipment of 24 cars of cattle from Ft. Stockton, Tex., to Fairfax, Okl. Defendant resided in the latter state. He was both consignor and consignee of the shipment. Before entering upon the transaction he applied to the local agent of the initial carrier to learn his total freight charge. The agent, after consulting with officers at the central office of the company, quoted the charge as $2,619.70. The cattle were delivered to the carrier upon that understanding. At the end of the journey they were delivered to defendant and he paid the sum quoted.

It is plain upon these facts that at common law the carrier could not have recovered of the shipper any additional sum as freight. Its right to maintain the present suit is created by the Interstate Commerce Law (Comp. St. § 8563 et seq ). It arises

out of the provision of that act which requires the carrier to collect, and the shipper to pay, the full charge named in the tariffs filed by the carrier with the Interstate Commerce Commission. Pittsburgh, etc., Ry. Co. v. Fink, 250 U. S. 577, 581, 40 Sup. Ct. 27, 63 L. Ed. 1151; New York Central R. R. Co. v. York & Whitney Co., 256 U. S. 406, 408, 41 Sup. Ct. 509, 65 L. Ed. 1016.

The complaint contains a statement that the shipment was made upon written bills of lading, but no promise therein of the shipper to pay the full tariff is pleaded either in substance or by copy of the instruments. Neither the complaint nor the judgment of the court gives any support to plaintiff's claim that the suit is based upon a promise of the shipper to pay the full tariff rate. On the other hand, both the complaint and the judgment base the carrier's right to recover solely upon the Interstate Commerce Law.

[1] The defense relied upon is the statute of limitations. At the time the shipment was made there was no federal law on the subject, and such actions were controlled by the varying statutes of limitation of the different states. Chicago & N. W. Ry. Co. v. Ziebarth, 157 C. C. A. 526, 245 Fed. 334 (8th Circuit).

The statute of the state of Oklahoma, being the state in which the action was brought and in which the shipper resided, fixes the limitation in an action on a liability created by statute, other than a penalty or a forfeiture, at three years. The same limitation is prescribed in many states for such actions. After the plaintiff's cause of action had been subject to this statute for two years and four months, Congress passed the Act of February 28, 1920, § 424(3), 41 Stat. at Large, 492 (Comp. St. Ann. Supp. 1923, § 8584), which reads as follows:

"All actions at law by carriers subject to this act for recovery of their charges, or any part thereof, shall be begun within three years from the time the cause of action accrues, and not after. All complaints for the recovery of damages shall be filed with the Commission within two years from the time the cause of action accrues, and not after, unless the carrier, after the expiration of such two years or within ninety days before such expiration, begins an action for recovery of charges in respect of the same service, in which case such period of two years shall be extended to and including ninety days from the time such action by the carrier is begun. In either case the

cause of action in respect of a shipment of property shall, for the purposes of this section, be deemed to accrue upon delivery or tender of delivery thereof by the carrier, and not after. A petition for the enforcement of an order for the payment of money shall be filed in the District Court or state court within one year from the date of the order, and not after."

[2] The effect of this law upon plaintiff's right presents the only serious question for review. Plaintiff contends that its cause of action is entitled to the three-year limit fixed by the federal statute from the time when its right was first subjected to that law, namely, February 28, 1920. The trial court adopted this view and entered judgment in favor of plaintiff for $1,868.30 and interest. This construction extends the period of limitation two years and four months beyond what the plaintiff was entitled to under the state law, to which the cause of action was subject at the time it accrued, and for two years and four months thereafter. The rule invoked by plaintiff is the familiar one that statutes will not be given a retroactive effect, unless such an intent is clearly expressed by the Legislature. The foundation of this rule as applied to statutes of limitation is that if the act was given retroactive effect it would impair or destroy rights acquired under the former law. The subject was accurately discussed in the leading federal authority, Sohn v. Waterson, 17 Wall. 596, 599 (21 L. Ed. 737), as follows:

"When a statute declares generally that no action, or no action of a certain class shall be brought, except within a certain limited time after it shall have accrued, the language of the statute would make it apply to past actions as well as to those arising in the future. But if an action accrued more than the limited time before the statute was passed a literal interpretation of the statute would have the effect of absolutely barring such action at once. It will be presumed that such was not the intent of the Legislature. Such an intent would be unconstitutional. To avoid such a result, and to give the statute a construction that will enable it to stand, courts have given it a prospective operation."

This case involved a statute of limitation fixing two years for the commencement of an action upon a judgment. At the time the statute took effect more than four years had already run upon the judgment sued upon. Therefore, if the statute were applied it would absolutely bar the cause of

action when the statute took effect. All that is said in the opinion must be construed in the light of this fact. The sole reason for not giving the statute effect according to the natural import of its language, is that such an interpretation would destroy or impair vested rights.

The language of the Sohn Case has been repeated by text writers and encyclopædias, and will be found in substance in many decisions. 25 Cyc. 994; State ex rel. Berwind Fuel Co. v District Court, 138 Minn. 213, 164 N W. 812.

It so happens in the present case that to give the statute retroactive effect would not impair any right of the plaintiff under the law in force at the time its right accrued. Under the state law plaintiff had only three years in which to bring its action. The same period is fixed by the federal law. Therefore to apply the federal law to plaintiff's cause of action places it in exactly the same position as it occupied under the state law. It does not deprive it of any vested right, but gives it the full benefit of the law as it stood at the time its cause of action accrued. The carrier does not ask to have its rights under the state law protected, but seeks to have them enlarged. What it is really demanding in this suit is to have the limitation of three years under which its cause of action accrued extended to the term of five years and four months. The federal law did not repeal the state law. It superseded it, because when Congress acts upon a subject within its purview, state laws which had previously controlled are superseded by the federal law, and can no longer be applied by courts. No injustice is done by combining the two statutes, and simply giving the carrier the benefit of the full term to which it was entitled at the time its action accrued.

If no right is impaired or destroyed by giving a statute of limitation a retroactive effect, the reason of the rule upon which the plaintiff relies ceases, and the rule itself should also cease.

[3] At the time the federal statute took effect there remained eight months within which the plaintiff could have brought its action under that law. That was a reasonable time. The question therefore presented is: Did Congress intend to preserve the plaintiff's right by this legislation or to enlarge it? Was it the intent of the act to extend the period of limitation for the carrier for two years and four months? No such intent is expressed in the law, and there is no reason in justice for thus enlarging the plaintiff's right by construction.

It is not a question of power, but of intent. It is settled beyond controversy that the Legislature may apply a new statute of limitations to existing rights and shorten the time for their enforcement. Said the Supreme Court in Wheeler v. Jackson, 137 U. S. 245, 255, 11 Sup. Ct. 76, 78, 34 L. Ed. 659:

"It is the settled doctrine of this court that the Legislature may prescribe a limitation for the bringing of suits where none previously existed, as well as shorten the time within which suits to enforce existing causes of action may be commenced, provided, in each case, a reasonable time, taking all the circumstances into consideration, be given by the new law for the commencement of suit before the bar takes effect."

Again in Terry v. Anderson, 95 U. S. 628, 24 L. Ed. 365, the court says:

"Parties * * * have no more a vested interest in the time for the commencement of an action than they have in the form of the action to be commenced."

See also Mulvey v. Boston, 197 Mass. 178, 83 N. E. 402, 14 Ann. Cas. 349; Lamb v. Powder River Live Stock Co., 132 Fed. 434, 65 C. C. A. 570, 67 L. R. A. 558 (8th Cir.).

Such being the law, was it the intent of Congress, by the act of 1920, to enlarge plaintiff's right? In Phillips v. Railway Co., 236 U. S. 662, 667, 35 Sup. Ct. 444, 446, 59 L. Ed. 744, the Supreme Court clearly indicates that such was not the intent of the statute. It says:

"But that rule does not apply to a cause of action arising under a statute which indicates its purpose to prevent suits on delayed claims, by the provision that all complaints for damages should be filed within two years *and not after.*" (The italics are the court's.)

The language here emphasized is also found in the act of 1920. It is also strengthened by the provision of that act which specifically fixes the time at which the cause of action is deemed to accrue.

[4] There is another ground upon which the case may be rested. Plaintiff's right of action is given by statute. It was not created for its enrichment but to protect the public against secret rebates and discriminations. It is not a right of contract or of property. The right, therefore, is at all times under the full control of the legislature. It may limit it in any way without impairing any constitutional right of the

plaintiff. Davis v. Mills, 194 U. S. 451, 24 Sup. Ct. 692, 48 L. Ed. 1067. See also an able exposition of the doctrine by the Supreme Court of Wisconsin, in Relyea v. Tomahawk Paper Co., 102 Wis. 301, 78 N. W. 412, 72 Am. St. Rep. 878. In this case the court uses the following language:

"While the rule is inflexible that rights not dependent on statute are guaranteed by the national Constitution against impairment, either by laws affecting existing contracts or taking property without due process of law, mere statutory rights may be conferred upon such conditions as in the wisdom of the Legislature may seem best, and the conditions may be changed from time to time, even as to existing rights, or such rights may be taken away entirely, at the legislative will. Such rights do not come within the constitutional provision. If the conditions requisite to their existence be once satisfied, a new one may be added, * * * and whether the time given in which to comply with it be long or short is a matter exclusively of legislative discretion. True, there is language in opinions, treating of a new condition respecting existing statutory rights, indicating an idea in the judicial mind that a law imposing such conditions takes effect as to such rights if a reasonable length of time be left for the claimant to comply with it; but the real ground upon which the decisions rest is that, the rights being statutory, they are entirely the subject of legislative discretion."

As to such a right the time limited for its enforcement is a constituent part of the right itself. The lapse of time not only bars the remedy, but destroys the liability. Theroux v. N. P. R. R. Co., 64 Fed. 84, 12 C. C. A. 52; Phillips Co. v. Grand Trunk Ry. Co., 236 U. S. 662, 667, 35 Sup. Ct. 444, 59 L. Ed. 774; Kansas City S. Ry. Co. v. Wolf, 261 U. S. 133, 43 Sup. Ct. 259, 67 L. Ed. 571.

The Supreme Court has frequently commented upon the hardship inflicted upon shippers by suits of this character. Pittsburgh, etc., Ry. Co. v. Fink, 250 U. S. 577, 582, 40 Sup. Ct. 27, 63 L. Ed. 1151; Louisville, etc., Ry. Co. v. Maxwell, 237 U. S. 94, 97, 35 Sup. Ct. 494, 59 L. Ed. 853, L. R. A. 1915E, 665. They are allowed not for the benefit of the carrier, but for the protection of the public. The short limit fixed by the act of 1920 has for its object the safeguarding of shippers. The present case is an impressive illustration of the hardship referred to by the Supreme Court. A carrier invoking such a right has no

standing in a court of justice to ask that its right be enlarged by construction.

The shipment was delivered by the plaintiff October 24, 1917. By the express language of the federal statute above quoted, that was the time when plaintiff's cause of action accrued. The three-year period expired October 24, 1920. The present action was commenced September 19, 1922. For the reasons above stated, plaintiff's right of recovery was barred, and the decision of the trial court should be reversed.

It is best to dispose of this case upon its own facts. Plum v. Fond du Lac, 51 Wis. 393, 8 N. W. 283. It is not likely that there will be many such suits brought upon causes of action which accrued prior to the federal statute. If such a suit should arise in a state having a longer statute of limitations, or should be based upon a written promise in the bill of lading, the question would then be presented as to what period of limitation should be applied to the plaintiff's cause of action, in view of both the state statute and the federal statute. If a case should be presented, in which plaintiff's right under the former law would be impaired or destroyed by applying the federal statute to it, and giving that statute a retroactive effect, it will then be time to invoke the doctrine upon which plaintiff here relies.

The judgment of the trial court is reversed.