## COCKE v. MORGAN'S LOUISIANA & TEXAS R. & S. S. CO. et al.*

(Circuit Court of Appeals, Fifth Circuit.
March 31, 1925. Rehearing Denied
April 15, 1925.)

No. 4494.

**1. Limitation of actions ⊛6(1)—Cause of action did not arise before federal control, if it did not accrue so as to be enforceable until after federal control began.**

Cause of action did not arise before period of federal control within Transportation Act Feb. 28, 1920, § 206f (Comp. St. Ann. Supp. 1923, § 10071¼cc), excluding such period in computing limitations, if it did not accrue so as to be enforceable until after federal control began.

**2. Carriers ⊛200—At common law, shipper could recover difference between reasonable charge and exorbitant charge coercively exacted by carrier.**

At common law, shipper had right to recover difference between reasonable charge and exorbitant charge coercively exacted by carrier.

**3. Limitation of actions ⊛4(1)—After right to enforce carrier's liability for coercing exorbitant charge is barred, bar may be removed.**

After shipper's right to enforce carrier's common-law liability for coercing payment of exorbitant charge has been barred by limitation, bar may be removed without violating carrier's rights.

**4. Limitation of actions ⊛6(1) — Federal Transportation Act held to operate retrospectively in so far as it relates to claims for reparations.**

Transportation Act Feb. 28, 1920, § 206f (Comp. St. Ann. Supp. 1923, § 10071¼cc), so far as it excludes period of federal control from limitation period as to claims for reparation to Interstate Commerce Commission for causes arising prior to federal control, operates retrospectively so as to revive cause of action which had theretofore become barred by Interstate Commerce Act, § 16, par. 2 (Comp. St. § 8584).

In Error to the District Court of the United States for the Southern District of Mississippi; Edwin R. Holmes, Judge.

Action by F. A. Cocke against Morgan's Louisiana & Texas Railroad & Steamship Company and another. Judgment for defendants, and plaintiff brings error. Reversed and remanded, with directions.

F. H. Lotterhos, of Jackson, Miss. (George Butler, of Jackson, Miss., on the brief), for plaintiff in error.

Charles N. Burch and H. D. Minor, both of Memphis, Tenn., and Harry McCall, of New Orleans, La. (Jas. Hy. Bruns, of New Orleans, La., on the brief), for defendants in error.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

WALKER, Circuit Judge. The court sustained demurrers to the petition of the plaintiff in error, who is herein referred to as the plaintiff, and, the plaintiff declining to plead further, his petition was dismissed. The petition, which was filed April 27, 1923, contained allegations to the following effect: The defendants, common carriers engaged in the business of transporting passengers and property by railroad by continuous carriage or shipment between points in the state of Texas and points in the state of Mississippi, in October, November, and December, 1917, accepted and transported, from named points in Texas, a stated number of carloads of horses consigned to plaintiff at Natchez, Miss., upon which defendants charged and exacted stated rates per hundred pounds, which rates so charged and exacted were in each case unreasonable and in violation of section 1 of the Act to Regulate Commerce (Comp. St. § 8563). By a petition filed before the Interstate Commerce Commission on August 3, 1920, plaintiff complained of said violations of the Act to Regulate Commerce, prayed that an order be made commanding the defendants and each of them to cease and desist from said alleged violations, that maximum just, fair, and reasonable rates be fixed and established, and that petitioner be awarded reparation for said unlawful charges. In the proceeding so instituted, to which the defendants were parties, the Interstate Commerce Commission, on August 11, 1922, ordered the defendants to pay to plaintiff, by way of reparation for unlawful charges, specified sums, with specified interest thereon, from stated dates in November and December, 1917. The grounds stated in the demurrers to the petition included the following:

"Said petition shows on its face that the pretended claim upon which this action is based accrued more than two years before the institution of this suit.

"The petition shows upon its face that the alleged and pretended claim upon which the petition is based was not filed with the Interstate Commerce Commission within a period of two years from the day on which said alleged and pretended cause of action arose.

"Section 206 (f) of the Transportation Act has no application to claims such as the one set up in the petition, and said section of said statute does not affect the operation of limitation on the alleged claim set out in

4 F.(2d)—61     *Certiorari granted 45 S. Ct. 127, 69 L. Ed. ——.

the petition. However, if demurrant be mistaken in its construction of said section 206 (f), then demurrant charges said statutory provision is unconstitutional and void. And the statute in question is violative of the Fifth Amendment of the Constitution of the United States."

Section 206f of the Transportation Act of 1920 (41 Stat. 456 [Comp. St. Ann. Supp. 1923, § 10071¼cc]) reads as follows: "The period of federal control shall not be computed as a part of the periods of limitation in actions against carriers or in claims for reparation to the Commission for causes of action arising prior to federal control." That act was approved February 28, 1920. Federal control of railroads began January 1, 1918, and ended March 1, 1920.

Paragraph 2 of section 16 of the Act to Regulate Commerce (Comp. St. § 8584) provides that: "All complaints for the recovery of damages shall be filed with the Commission within two years from the time the cause of action accrues, and not after. * * * "

In an action against a railway company to recover excess freight charges exacted in violation of a Minnesota statute, which action was subject to a limitation of six years, it was held that the above set out provision of the Transportation Act did not have the effect of reviving or restoring that right of action, which was barred before that act became effective. Fullerton-Krueger Lumber Co. v. Northern Pacific Railway Co., 45 S. Ct. 143, 69 L. Ed. ——, January 5, 1925. In that case the only question before the court was as to the effect of the quoted provision of the Transportation Act upon the computation of periods of limitation in "actions against carriers." That case involved no question as to the effect of the provision upon the computation of the period of limitation in "claims for reparation to the Commission." The opinion in that case shows that the conclusion reached was the result of applying the rule of construction that all statutes are to be considered prospective, unless the language is express to the contrary, or there is a necessary implication to that effect. As to many causes of action against carriers, subject to varying periods of limitation, the quoted provision of the Transportation Act may have prospective operation. Giving it prospective operation only as to periods of limitation results in excluding the period of federal control in computing the period of limitation applicable to all actions against carriers which were not barred by limitation when the statute was enacted. If the provision in question was not retroactive so far as it dealt with "claims for reparation to the Commission," it was wholly ineffective as to such claims, as all such claims "for causes of action arising prior to federal control" were more than two years old when the Transportation Act was passed. It was suggested that the part of the quoted provision which deals with reparation claims might have had prospective operation in cases where shipments were made prior to federal control, but the shipper did not pay the excessive rate until less than two years prior to the date of the approval of the Transportation Act.

[1, 2] This suggestion involves the assumption that a cause of action arises before the commission of the wrongful conduct upon which it is based. We do not think that it can properly be said that a cause of action arose prior to federal control, if that cause of action did not accrue or come into existence so as to be enforceable by the beneficiary of it until after federal control began. It has been held that the above-quoted provision of paragraph 2 of section 16 of the Act to Regulate Commerce had the effect of depriving the beneficiaries of claims therein dealt with of any right of action on such claims if they were not asserted within the time allowed. Phillips v. Grand Trunk Ry., 236 U. S. 662, 35 S. Ct. 444, 59 L. Ed. 774; Kansas City Southern Railway Co. v. Wolf, 261 U. S. 133, 43 S. Ct. 259, 67 L. Ed. 571. Language used in the opinions in those cases is to be considered in the light of the questions therein presented for decision. No question as to the power of Congress to enlarge the time allowed for asserting reparation claims of a shipper was presented in either of those cases. In neither of them was it decided that the Act to Regulate Commerce created the right of a shipper to recover the difference between the amount of a reasonable charge and the amount of an exorbitant charge coercively exacted by a common carrier. A shipper had that right at common law. Texas & Pac. Ry. v. Abilene Cotton Oil Co., 204 U. S. 426, 436, 27 S. Ct. 350, 51 L. Ed. 553, 9 Ann. Cas. 1075. The requirement that filed and published rates be adhered to has the effect of coercing the payment of such rate, though it is unreasonable and excessive. The Act to Regulate Commerce contains regulations as to the remedy for the enforcement of the shipper's right to recover the amount of the excess above a reasonable charge. An effect of the above-quoted provision of that

act, which deals with reparation claims of shippers who attack filed and published rates, is to make the enjoyment of the right dependent upon the shipper filing his complaint with the Interstate Commerce Commission for damages within two years from the time his cause of action accrues, and upon that body finding that the rate charged was unreasonable, and the amount of the wrongful overcharge.

[3, 4] After the right of the shipper to enforce the common-law liability incurred by a common carrier by coercing the payment by the shipper of an exorbitant charge has been barred by limitation, the statutory obstruction to the use of the remedy given may be removed without violating any right of the carrier. Campbell v. Holt, 115 U. S. 620, 6 S. Ct. 209, 29 L. Ed. 483. As the above set out provision of the Transportation Act, so far as it deals with reparation claims, would be wholly ineffective unless it is given retrospective operation, we think there is a necessary implication that, as to such claims, it was intended to operate retrospectively. The result of giving it such effect, and excluding the period of federal control in computing the period of limitation on plaintiff's reparation claims, is that plaintiff's right to the remedy given for enforcing the liability of the defendants for the overcharges alleged was not barred when that remedy was sought.

It follows that the court erred in making the above-mentioned ruling. Because of that error the judgment is reversed, and the cause is remanded for further proceedings not inconsistent with this opinion.

Reversed.

### On Rehearing.

It being made known to the court by the defendants in error in the above numbered and entitled cause that they had no other defense to the action therein than the defense presented by demurrer to the declaration therein, it is ordered that the part of the judgment of this court as to remanding said cause to the District Court be, and the same is, amended so as to read as follows:

It is further ordered that said cause be remanded to the District Court, with direction to enter judgment therein for the total amount claimed by the plaintiff in his declaration, to wit, the sum of $111, with interest thereon at the rate of 6 per cent. per annum from November 4, 1917, and for the sum of $432.92, with interest thereon at the rate of 6 per cent. per annum from December 15, 1917, and for the costs of the suit; the sum of $500 as attorney's fee, sued for in said declaration, to be included in said costs.