## GALVESTON, H. & S. A. RY. CO. v. WEBSTER CO. et al.

District Court, W. D. Texas, San Antonio Division. July 14, 1928.

No. 744.

Commerce ☞8(14)—Interstate carrier's suit on shipper's bond to recover freight charges held governed and barred by federal three-year statute of limitations (Interstate Commerce Act, § 16, subd. 3, as amended by Transportation Act 1920, § 424 [49 USCA § 16, subd. 3]).

Action by carrier on bond executed by shipper to recover charges for freight in interstate commerce, brought more than three years after cause of action accrued, *held* barred by three-year statute of limitations, set forth in Interstate Commerce Act, § 16, subd. 3, as amended by Transportation Act 1920, § 424 (49 USCA § 16, subd. 3; Comp. St. § 8584, subd. 3); state statutes and procedure affecting liabilities, rights, and remedies not being controlling.

At Law. Action by the Galveston, Harrisburg & San Antonio Railway Company against the Webster Company and another. On defendant's demurrer. Demurrer sustained, and suit dismissed.

Templeton, Brooks, Napier & Brown, of San Antonio, Tex., for plaintiff.

Wm. Aubrey, of San Antonio, Tex., for defendants.

WEST, District Judge. The plaintiff carrier sues defendant Webster, shipper, as principal and the defendant United States Fidelity & Guaranty Company, as surety, to recover freight charges due by the shipper defendant to plaintiff upon a bond executed by defendant Webster Company, as principal, and codefendant company, as surety.

Defendants demur to the sufficiency of plaintiff's original petition upon the ground that it appears therefrom that plaintiff's cause of action, accruing May 1, 1920, more than three years prior to the institution of suit, January 16, 1924, is barred by the three-year statute of limitations of the United States.

The suit is brought under the Interstate Commerce Act, § 16, subd. 3, renumbered and amended by Transportation Act of 1920, § 424 (49 USCA § 16 [3]; Comp. Stat. 8584 [3]); also U. S. Code Annotated tit. 49, and sections thereof. The pertinent part provides:

"(3) *All actions at law by carriers* subject to this act for recovery of their charges, or any part thereof, shall be begun within three years from the time the cause of action accrues, *and not after.*" 49 USCA § 16 [3] [a]; Comp. St. § 8584 (3) (a).

Clearly the action is barred as to the defendant Webster Company; it being the shipper and principal in the bond sued on.

The question arises whether the state statutes and procedure affecting the liabilities, rights, and remedies of principal and surety are controlling here. The Congress has undertaken in this Transportation Act to definitely fix the period of time within which carriers of interstate commerce may bring suits for recovery of their charges. The suit is one in which the carrier sues to recover charges due it for the transportation of defendant Webster's property in interstate commerce. The principal obligor is bound for these charges and also is his surety, the codefendant company.

In construing the limiting provisions of section 16 in question, the United States Supreme Court in Meeker & Co. v. Lehigh Valley R. Co., 236 U. S. 424, 35 S. Ct. 328, 333 (59 L. Ed. 644), states:

"While there doubtless was no purpose to revive claims then barred by local statutes, it is evident that Congress intended to take all other claims out of the operation of the varying laws of the several states and subject them to limitations of its own creation which would operate alike in all the states."

See L. & W. R. R. v. Gardiner, 273 U. S. 284, 47 S. Ct. 386, 71 L. Ed. 644.

In Phillips v. Grand Trunk Ry., 236 U. S. 667, 35 S. Ct. 444, 59 L. Ed. 774, it was argued that under the Conformity Act the case was governed by the state (Michigan) practice, which did not permit a defendant to take advantage of the statute of limitations by a general demurrer to the declaration. The court says:

"But that rule does not apply to a cause of action arising under a statute which indicates its purpose to prevent suits on delayed claims, by the provision that all complaints for damages should be filed within two years *and not after.* Under such a statute the lapse of time not only bars the remedy but destroys the liability." Finn v. U. S., 123 U. S. 227, 8 S. Ct. 82, 31 L. Ed. 128; Louisville Cement Co. v. Commerce Com., 246 U. S. 638, 38 S. Ct. 408, 62 L. Ed. 914; Kansas City Southern R. Co. v. Wolf et al., 261 U. S. 133, 43 S. Ct. 259, 67 L. Ed. 571; Davis v. Portland Seed Co., 264 U. S. 426, 44 S. Ct. 380, 68 L. Ed. 762; Danzer & Co. v. Gulf, etc., R. Co., 268 U. S. 636, 45 S. Ct. 612, 69 L. Ed. 1126; San Diego & A. Ry. v. Atchison, T. & S. F. Ry. (D. C.) 293 F. 140; Button v. Atchison, T. & S. F. R. Co., 1 F.(2d) 709 (8th C. C. A.); Penn. R. Co.

v. Chesp. & Oh. Coal Co. (D. C.) 297 F. 249; Powers v. Cady (D. C.) 9 F.(2d) 463.

The single subject-matter of the suit is the recovery by the carrier of its charges for freight in interstate transport. Its right to sue is given by the Interstate Commerce Acts. The federal law governs. That statute provides something more than a limitation of the time within which suit is to be brought. By its terms, failure to sue within the time fixed absolutely destroys further right of action. There can be no saving exception accorded the surety by the local law. Principal and surety stand on the same footing in this case. The action is destroyed by the supreme law. The cause of action no longer exists against either principal or surety.

The defendants' demurrer is sustained. The suit will be dismissed.