BARTLESVILLE ZINC CO. v. MELLON, Director General of Railroads.

No. 4620.

Circuit Court of Appeals, Seventh Circuit.

Feb. 24, 1932.

Harry C. Barnes, of Chicago, Ill., for appellant.

A. A. McLaughlin, of Des Moines, Iowa, and H. W. Davis and R. S. Outlaw, both of Chicago, Ill., for appellee.

Before ALSCHULER and SPARKS, Circuit Judges, and LINDLEY, District Judge.

LINDLEY, District Judge.

Appellant, plaintiff in the trial court, a shipper, brought suit in assumpsit for the recovery of demurrage charges on interstate shipments paid by plaintiff to the Director General of Railroads during federal control, claiming that such charges were illegally assessed and collected. Appellee, a defendant below, is the governmental agent charged with final settlement of details of the national control of railroads. Defendant's demurrer to the declaration was sustained, and plaintiff, electing to stand upon its declaration, appeals from a judgment entered dismissing the suit.

Viewed as a suit against the government agent to recover at law for an action arising out of operation of the railroads by the government, under section 206 (a) of the Transportation Act 1920 (41 Stat. 461, 49 USCA § 74 (a), it is clear that the District Court was without jurisdiction and rightfully dismissed the action. The act referred to provided that such actions should not be brought later than two years after passage of the law (1920). The demurrage charges sought to be accrued were paid to the Director General in the year 1918. The present suit was instituted on December 14, 1929. Inasmuch as such a suit is in effect an action against the government, it ceases to possess legal life if the conditions of the consent to sue are not complied with. Suitors may not bring actions against the United States without the latter's consent, and the limitations placed upon such permission are not mere statutes of limitation, but conditions precedent to the right to sue. After the expiration of the two-year period, plaintiff had no consent to sue, and the court no jurisdiction to entertain its complaint. Davis v. Donovan, 265 U. S. 257, 44 S. Ct. 513, 68 L. Ed. 1008; Dupont, etc., Co. v. Davis, 264 U. S. 456, 44 S. Ct. 364, 68 L. Ed. 788; Flint River, etc., R. Co. v. Mellon, 58 App. D. C. 35, 24 F.(2d) 610; Knickerbocker Fuel Co. v. Mellon (C. C. A.) 22 F.(2d) 500; United States ex rel. Rauch v. Davis, 56 App. D. C. 46, 8 F.(2d) 907; Louisville Cement Co. v. Interstate Commerce Commission, 246 U. S. 638, 38 S. Ct. 408, 62 L. Ed. 914; Kansas City Southern Railway Co. v. Wolf, 261 U. S. 133, 43 S. Ct. 259, 67 L. Ed. 571.

But appellant insists that it is entitled to recover under section 206 (c), which provides that complaints for reparation for collection of illegal rates may be filed with the Interstate Commerce Commission within one year, or within two years and six months after the termination of federal control in the District Court against the federal agent, and that it may maintain this suit to review the action of the Commission, refusing the relief prayed. 42 Stat. 393 (49 USCA § 74 (c).

Under the act, the Commission is clothed with the same jurisdiction as it has under the Interstate Commerce Act. Section 9 of the latter provides that claims of such character may be filed with the Commission or made the basis for suit in the United States District Court, but that the claimant shall not have the right to pursue both of the remedies, and must elect which of the two methods it will adopt. 24 Stat. 382 (49 USCA § 9).

On May 7, 1920, appellant filed with the Commission a complaint praying for reparation of the alleged overcharges now in suit. After hearing, that body rendered its decision, finding that the charges were not illegal and dismissing the complaint. Various proceedings were had before the Commission thereafter, until on November 20, 1927, it reopened the matter and on December 5, 1927, filed its supplemental report confirming its original findings and order. A petition filed in the Supreme Court of the Dis-

trict of Columbia seeking a writ of mandamus to compel the Commission to enter an award of reparation as prayed failed. An appeal to the Court of Appeals likewise met with defeat, Bartlesville Zinc Co. v. I. C. C., 58 App. D. C. 316, 30 F.(2d) 479, and petition for certiorari was denied·by the Supreme Court April 22, 1929, 279 U. S. 856, 49 S. Ct. 351, 73 L. Ed. 997.

Section 9 of the Interstate Commerce Act was before the Supreme Court in Standard Oil Co. v. U. S. et al., 283 U. S. 235, 51 S. Ct. 429, 431, 75 L. Ed. 999, and in affirming the decision of the lower court (D. C.) 41 F.(2d) 836, the former said: "Section 9 of the Interstate Commerce Act, c. 104, 24 Stat. 379, 382 (U. S. C., title 49, § 9 [49 USCA § 9]), provides that a claim for damages against a common carrier may be brought before the Commission by complaint, or by an action in a federal district court of competent jurisdiction, but that the claimant or claimants 'shall not have the right to pursue both of said remedies, and must in each case elect which one of the two methods of procedure herein provided for he or they will adopt.' Having elected to proceed and having proceeded to a determination before the Commission, appellant was, by force of this provision, precluded from seeking reparation upon the same claims by the alternative method of procedure."

The language is directly applicable to the case at bar. The statute forbids the present action after the exercise of appellant's option to seek relief before the Commission.

But appellant insists that the Commission erred in its findings and conclusions and has since so admitted. We do not so understand the references cited, but, were it true, this court is without jurisdiction to review the decision even though there were palpable error of law or evidence of arbitrary action. Authority for such review must have its origin in legislative enactment, and the Congress has as yet granted to courts the right to review only such orders of the Commission as are affirmative in character. Judicial Code § 24 (28), 28 USCA § 41 (28). There has been created no right of judicial review of orders entered in pursuance of the exercise of the Commission's jurisdiction wherein it refuses to grant relief. Thus the Supreme Court said in Procter & Gamble Co. v. U. S., 225 U. S. 282, 32 S. Ct. 761, 765, 56 L. Ed. 1091: "Giving to these words their natural significance we think it follows that they confer jurisdiction only to entertain complaints as to affirmative orders of the

Commission; that is, they give the court the right to take cognizance, when properly made, of complaints concerning the legality of orders rendered by the Commission, and confer power to relieve parties in whole or in part from the duty of obedience to orders which are found to be illegal. No resort to exposition can add to the cogency with which the conclusion stated is compelled by the plain meaning of the words themselves." See, also, Manufacturers' Railroad Co. v. U. S., 246 U. S. 457, 38 S. Ct. 383, 62 L. Ed. 831.

In Southern Transportation Co. v. I. C. C., 60 App. D. C. 49, 50, 47 F.(2d) 411, 413, the court said: "In other words, it limited the jurisdiction of the courts to intervene merely as to affirmative orders. It follows, therefore, that if the court were·to suspend an order of the commission dismissing an application for reparation and enjoin an award thereof, as prayed for in this case, it would be in direct contravention to the original purpose and intent of the Commerce Act."

It is clear that the contentions of appellant cannot be sustained, that the District Court had no jurisdiction, and that the judgment must be and is affirmed.