## WISCONSIN BRIDGE & IRON CO. v. ILLINOIS TERMINAL CO.
### No. 5920.

Circuit Court of Appeals, Seventh Circuit.

Feb. 11, 1937.

460

. Philip H. Porter, of Madison, Wis., and Luther M. Walter, of Chicago, Ill., for appellant.

George T. Buckingham and Arthur O. Graves, both of Chicago, Ill., for appellee.

Before SPÁRKS, Circuit Judge, and LINDLEY and BRIGGLE, District Judges.

SPARKS, Circuit Judge.

This case raises the question whether a defendant may be estopped from pleading the statute of limitations in defense of an action arising under the provisions of the Interstate Commerce Act which specifically provides that all actions at law by carriers subject to the act for recovery of their charges shall be begun within three years from the time the cause of action accrues, and not after.

Appellee filed suit to recover the balance alleged to be due for freight charges on a series of shipments of structural steel from North Milwaukee, Wisconsin, to Alton, Illinois, during the period from November 1, 1927, to March 13, 1928. The steel was shipped in unfinished state from Pittsburgh, Pennsylvania, and fabricated in transit at the plant of appellant at North Milwaukee, Wisconsin. Charges were prepaid to the latter point at the rate of 37¢ per hundred pounds, the rate for unfinished steel. Upon delivery of the fabricated steel at Alton, appellant paid for each shipment, computing the amount due on the basis of the rate from Pittsburgh to Alton, plus a charge of 2¢ per hundred for fabrication in transit at North Milwaukee, and crediting itself with the amount prepaid to that point, the total amounting to 43¢ per hundred, which appellant contended was the correct rate. Appellee, on the other hand, contended that it was entitled to a combination rate of 37¢ from Pittsburgh to North Milwaukee, and 25¢ from there to Alton. Delivery was made upon payment at the 43¢ rate, and immediately after the last shipment, on March 13, 1928, appellee presented its bill for the balance due on all shipments, demanding payment at the 62¢ rate. Appellant refused to pay the balance alleged to be due, and on June 14, 1928, appellee notified the Alton-St.Louis Bridge Company of appellant's indebtedness in the alleged amount of $9,342 for transportation charges on steel used in the construction of its bridge, and asked that the company take care of the claim before making final settlement with appellant. On June 20, 1928, appellant filed a complaint with the Interstate Commerce Commission, claiming that the rate sought to be enforced was in violation of the Interstate Commerce Act, and asking that the Commission fix a lawful rate for the shipments. Subsequently appellant notified appellee, that, if necessary, it was willing to file a bond for the amount in question, or other form of security, to avoid the necessity of paying the amount claimed to be due.

On February 6, 1930, the Commission rendered its decision regarding the rates which should be applied, and according to that decision, there was due appellee the sum of $810.50, instead of $9,342.66 demanded by it. Before payment by appel-

lant of this undercharge, the Commission on its own motion reopened the case about June 13, 1930, and on November 15, 1930, issued a second report setting forth a very complicated formula for determining the correct rates to be charged for the shipments involved. According to this formula, there was found due the sum of $8,913.21. Following this decision, appellee demanded payment of the balance due, deferring suit to collect, however, in order to permit appellant to file a petition for rehearing before the Commission. This petition was denied on March 2, 1931, after which appellee again made demand for payment, and on November 10, 1931, filed suit to collect. In the meantime, following the original decision of the Commission, the Alton-St. Louis Bridge Company paid over to appellant, with the consent of appellee, all but $810.50 of the amount it was then holding pursuant to appellee's notice of June 14, 1928. On January 23, 1934, the successor of the bridge company paid the $810.50 over to appellant without appellee's consent.

Appellee's declaration was in three counts, and a demurrer was filed to each. This demurrer was sustained as to the first and second counts by which appellee sought to recover the balance of freight charges on shipments shipped by appellant over its lines, on the ground that more than three years intervened after the cause of action arose before the suit was started. As to the third count, which was in the form of the consolidated common counts, the court overruled the demurrer, and the case went to trial on this count before a different judge. The facts were stipulated. Appellant again pleaded the statute of limitations, and the court held that it was estopped from setting up this defense inasmuch as it was at its own request that the question was submitted to the Commission, thereby causing the period to run while it was there pending. Judgment was thereupon rendered in favor of the carrier, and from that judgment this appeal is prosecuted by the shipper.

 Section 16(3) of the Interstate Commerce Act, 49 U.S.C.A. § 16(3), lays down certain rules as to limitations of actions, providing, inter alia, that "All actions at law by carriers subject to this chapter for recovery of their charges, or any part thereof, shall be begun within three years from the time the cause of action accrues, and not after." 49 U.S.C.A. § 16(3)

(a). The Supreme Court has in numerous cases construed these limitations as jurisdictional, and held that the lapse of time not only bars the remedy but also destroys the liability. See A. J. Phillips Co. v. Grand Trunk Western Ry. Co., 236 U.S. 662, 35 S.Ct. 444, 59 L.Ed. 774; Kansas City Southern Ry. Co. v. Wolf, 261 U.S. 133, 43 S.Ct. 259, 67 L.Ed. 571; William Danzer & Co. v. Gulf & S. I. R. Co., 268 U.S. 633, 45 S.Ct. 612, 69 L.Ed. 1126; United States ex rel. Louisville Cement Co. v. I. C. C., 246 U.S. 638, 38 S.Ct. 408, 409, 62 L.Ed. 914. In the last named case, the Court said " * * * the two-year provision of the act is not a mere statute of limitation, but is jurisdictional—is a limit set to the power of the Commission as distinguished from a rule of law for the guidance of it in reaching its conclusion." This being true, we think that the defense of limitations was not subject to estoppel, and that it could properly be raised by demurrer or plea, and even if appellant had failed to plead it, it would not thereby have conferred jurisdiction upon the court over the claim which had already been barred at the time the action was brought. Cf. Pennsylvania R. Co. v. Carolina Portland Cement Co. (C.C.A.) 16 F.(2d) 760; Arkansas Fertilizer Co. v. United States (Com.Ct.) 193 F. 667.

Appellee contends that if the lapse of time completely destroys the liability, then there is nothing to revive, and refers to two cases in which it was held that causes of action arising out of this same statute, barred by lapse of time, could be maintained by virtue of a statutory provision that the period of federal control of railroads should be excluded in computing limitation periods under the act. See Lakewood Engineering Co. v. New York Central R. Co. (D.C.) 2 F.(2d) 121, and San Diego & A. R. Co. v. Atchison, T. & S. F. R. Co. (D.C.) 293 F. 139. However, the authority of these two cases is overruled by William Danzer & Co. v. Gulf & S. I. R. Co., 268 U.S. 633, 45 S.Ct. 612, 613, 69 L.Ed. 1126, where the Court held that such action could not be revived where it had expired prior to the passage of the statute relied upon to revive it, saying "On the expiration of the two-year period, it was as if liability had never existed. * * * Section 206(f) [49 U.S.C.A. § 74(f)] will not be construed retroactively to create liability."

 Appellee also relies upon subsection (3) (f) of section 16 (49 U.S.C.A. §

16(3) (f), which provides that an action shall be brought within one year from the date of the entry of an order of the Commission for the payment of money. However, no such order is shown of record, and it is clear that the statute does not authorize the entry of such an order in favor of a carrier against a shipper. The act is designed to regulate carriers, and provision is made by section 13 (49 U.S.C. A. § 13) for instituting complaints against them. Section 16(1) (49 U.S.C.A. § 16(1) then provides that if after hearing such complaint, the Commission shall determine that any party complainant is entitled to an award of damages, it shall make an order directing the carrier to pay to the complainant the sum to which he is entitled. Section 16(3) (f) permits the complainant to file a petition in the district court for the enforcement of the order within one year from its entry, and not after. Thus it is clear that the act does not contemplate the entry of an order in favor of the railroad against a shipper. Moreover, appellee in its declaration describes the final findings of the Commission as follows:· "* * * inasmuch as defendant (said Wisconsin Bridge and Iron Co., complainant before said Commission) was entitled to no retroactive relief by way of reparation and no relief for the future was required, the complaint would be dismissed." This could not be construed as an order, subject to enforcement by the court under the provision of section 16(3) (f), even if the Commission had jurisdiction to enter such an order.

Appellee also attempts to spell out of the facts here presented an action to recover the amount of freight charges erroneously refunded, which it claims is not governed by section 16(3) (a). It refers to the release by the Alton-St. Louis Bridge Company of all but $810.50 of the fund in its possession owing to appellant, which it claims was an erroneous refund in view of the subsequent decision of the Commission, hence the basis of an implied contract on the part of appellant to pay the amount thus erroneously released. It is sufficient to say as to this that (1) such release was with the consent of appellee who raised no objections whatsoever to it, and (2) appellee's cause of action arose out of appellant's failure to pay charges due on the shipment of goods. According to the mandate of section 16(3) (e), 49 U.S.C.A. § 16(3) (e), a cause of action in respect of a shipment of property shall be deemed to accrue upon delivery or tender of delivery thereof by the carrier, and not after. Hence events occurring subsequent to the delivery may not be relied upon to extend the period within which the suit must be brought.

Judgment reversed, and the cause remanded for further proceedings in harmony with the views herein expressed.