## T. M. PARTRIDGE LUMBER CO. v. MICHIGAN CENT. R. CO.

Circuit Court of Appeals, Eighth Circuit.
May 16, 1928.

No. 7656.

1. Carriers ⬅196—Action to recover excessive refund on freight overcharge was one on implied contract to refund money, not barred by three-year statute (49 USCA § 16 (3), (a).

Railroad's cause of action for recovery of excessive refund on freight overcharge was not action for recovery of charges, but was one on an implied contract to refund money paid through error, and Act Feb. 28, 1920, § 424, 41 Stat. 492 (49 USCA § 16 (3), (a); Comp. St. § 8584), barring actions for recovery of charges not commenced within three years, was inapplicable.

2. Courts ⬅289—Railroad's action on implied contract to refund money paid through error in refunding freight overcharge held not one arising under law relating to commerce (Jud. Code, § 37 [28 USCA § 80]).

Where railroad company made excessive refund on freight overcharge, action to recover such excessive refund was action on implied contract to refund money paid through error, and was not a suit or proceeding arising under

any law regulating commerce, or within any other class of suits of which federal District Courts have original jurisdiction, and case should have been dismissed, under Judicial Code, § 37 (28 USCA § 80).

In Error to the District Court of the United States for the District of Minnesota; John B. Sanborn, Judge.

Action by the Michigan Central Railroad Company against the T. M. Partridge Lumber Company. Judgment for plaintiff (17 F.[2d] 657), and defendant brings error. Reversed, with directions.

Stanley B. Houck, of Minneapolis, Minn., for plaintiff in error.

Allan Briggs and Briggs, Weyl & Briggs, all of St. Paul, Minn., for defendant in error.

Before VAN VALKENBURGH, Circuit Judge, and REEVES and OTIS, District Judges.

OTIS, District Judge. On April 18, 1922, the plaintiff in error, defendant below and hereinafter referred to as the defendant, shipped a car of cedar poles from St. Boniface, Manitoba, to itself at Pinconning, Mich. Later the shipment was reconsigned, and on or about May 16, 1922, delivered to the Detroit Edison Company at Detroit. Defendant should have paid defendant in error, plaintiff below and hereinafter referred to as plaintiff, $345.63 as freight charges. It did pay $386.50, or $40.87 more than was justly due. It claimed a refund, and was erroneously refunded $60.21 more than the amount to which it was entitled. On September 8, 1924, to partially reimburse plaintiff for this overpayment, defendant paid plaintiff $4.46, leaving still unpaid of the overpayment the amount of $55.75. Plaintiff brought this suit February 19, 1926, and had judgment below for that amount. [1, 2] It is one of the contentions of defendant that, if this is an action to recover freight charges, then the statute of limitations had run before the action was begun. The statute reads:

"All actions at law by carriers subject to this act for recovery of their charges, or any part thereof, shall be begun within three years from the time the cause of action accrues, and not after." 41 Stat. 492; Comp. Stat. § 8584 (49 USCA § 16 (3), (a).

But that this is not an action for the recovery of charges is too clear for argument, and the trial court properly so held. Therefore this statute has no application. The trial court held, we think properly, that

the action is one on implied contract to refund money paid through error. If so, however, it is not a suit or proceeding arising under any law regulating commerce, or within any other class of suits of which the federal District Courts have original jurisdiction. For that reason it should have been dismissed by the trial court. Section 37, Judicial Code (28 USCA § 80).

Reversed, with directions to dismiss at plaintiff's costs.

VAN VALKENBURGH, Circuit Judge (concurring). I concur in the disposition of the case directed in the foregoing opinion. If the action be viewed as one on implied contract to refund money paid through mistake, the court below was without jurisdiction. If, as I think, it is for the recovery of carriers' charges, it is barred by limitation.

From the correspondence between the parties and their representatives set out in the record, it appears that plaintiff in error on June 30, 1922, made claim for overcharge in the sum of $130.84. July 25, 1922, defendant in error acknowledged a claim for $75.92. October 26, 1922, the railroad asked the lumber company to reduce the claim to $85.48. February 15, 1923, it advised plaintiff in error that "if you will amend your claim to $101.08, we will be pleased to place in line for payment." Amendment and payment followed. August 13, 1924, the accounting department of the railroad notified the lumber company that in this refund there had been an overpayment of $4.46. The lumber company remitted that amount to the railroad. June 17, 1925, the accounting department again revised its figures and made demand for an additional sum of $55.75 because of alleged overpayment in its refund of $101.08.

Upon refusal to meet this demand this action was filed February 17, 1926. In the stipulation of facts it is agreed: "That the balance of the overpayment by the plaintiff to the defendant still unpaid is fifty-five dollars seventy-five cents ($55.75)."

Paragraph 3 of section 16 of the Interstate Commerce Act, as amended June 7, 1924, provides that: "The cause of action in respect of a shipment of property shall, for the purposes of this section, be deemed to accrue upon delivery or tender of delivery thereof by the carrier, and not after." 49 USCA § 16 (3), (e); Comp. St. § 8584 (3), (e).

This action is in effect one for the recovery of a part of the carrier's charge; other-

wise, the ultimate result of the transaction is a rebate of $55.75 to this shipper. But the delivery was made May 16, 1922; consequently, by the unambiguous terms of the statute, this action is barred. Without reflection upon the parties to this controversy, it is obvious that such vacillating methods of accounting may be made the means of granting rebates and concessions under specious forms of procedure. The remedy, however, lies with Congress. The courts must administer the law as it is written.