## VICKSBURG, S. & P. RY. CO. v. PAUP et al.
### No. 5846.

Circuit Court of Appeals, Fifth Circuit.

March 23, 1931.

J. I. Wheeler, of Texarkana, Tex. (Chas. N. Burch, of Memphis, Tenn., John J. King, J. Q. Mahaffey, and C. E. Bryson, all of Texarkana, Tex., on the brief), for appellant.

Carl B. Callaway, of Dallas, Tex. (A. L. Reed, of Dallas, Tex., on the brief), for appellees.

Before BRYAN and FOSTER, Circuit Judges, and DAWKINS, District Judge.

DAWKINS, District Judge.

Appellees shipped from various points in Louisiana to the town of Ruston, in said state, cotton in carload lots, under what are commonly known as milling in transit rates. The applicable tariffs provided that, if the shipper wished to be relieved of the local inbound charges, he should surrender to the agent of the company at Ruston the original freight bills covering the movement of the uncompressed cotton, and that the point of origin, date, etc., shown thereon should be noted on the bills of lading covering reshipment after compression, and that the railroad company should in turn indorse on the backs of the inbound freight bills the numbers and dates of the bills of lading issued for the outbound shipments. Admittedly, this was not done, but some time thereafter the local agent refunded to the appellees the amount of the inbound local charges.

The case was submitted to the court below upon a stipulated waiver of the jury, and it sustained a plea of prescription of two years under a statute of the state of Texas (Rev. St. 1925, art. 5526).

The sole question involved here is as to whether the period of limitations of three years provided by the Transportation Act of 1920 for the recovery by carriers "of their charges" controls, or, as was found by the court below, the action is barred by the two-year period allowed under the Texas law, as for money had and received. Our opinion is that the federal statute must govern. Act of Feb. 28, 1920, c. 91, § 424, 41 Stat. 491, 492, 49 USCA § 16 (3). It was the purpose of Congress, we think, to establish a uniform system regulating the dealings between shippers and carriers, whereby rebates and other discriminations should be prevented. To say that either designedly or by mistake a situation such as this could be created, in which the rights of the parties would be dependent upon the varying provisions of state laws, would defeat that purpose and open the door to evasion and discrimination. See A. J. Phillips Co. v. Grand Trunk Western Railway Co., 236 U. S. 662, 35 S. Ct. 444, 59 L. Ed. 774; Great Northern Railway Co. v. Hyder (D. C.) 279 F. 783; Kansas City S. Ry. Co. v. Wolf, 261 U. S. 133, 43 S. Ct. 259, 67 L. Ed. 571; U. S. v. P. Koenig Coal Co., 270 U. S. 512, 46 S. Ct. 392, 70 L. Ed. 709; Strawberry Growers' Selling Co. v. American Ry. Ex. Co. (C. C. A.) 31 F.(2d) 947.

Reversed.