Guy A. THOMPSON, Trustee, International-Great Northern Railroad Company, Appellant,

v.

The MILWHITE CO., Inc., Appellee.

No. 15713.

Court of Civil Appeals of Texas.

Fort Worth.

April 20, 1956.

On Rehearing June 1, 1956.

Rehearing Denied June 29, 1956.

Hutcheson, Taliaferro & Hutcheson, Woodul, Arterbury & Wren, Carroll R. Graham and Howard S. Hoover, Houston, for appellant.

Joe G. Fender, Houston, for appellee.

BOYD, Justice.

Guy A. Thompson, Trustee, International-Great Northern Railroad Company, appeals from a summary judgment granted to The Milwhite Co., Inc.

Appellee delivered to appellant several loaded freight cars, which were carried by appellant and his connecting carriers and delivered to the consignees. The correct and lawful charges were paid by appellee. Subsequently, appellee filed a claim alleging overpayment. Appellant made refunds totaling $2,747.57. Discovering that the refunds were erroneously made, appellant filed this suit to collect the amount so refunded. Appellee filed a general denial; alleged that appellant's cause of action was barred since the shipment was delivered more than two years before suit was filed; and filed a motion for summary judgment.

The suit was filed more than two years after the shipments were delivered, and less than two years after the erroneous refund was made.

49 U.S.C.A. § 16, par. (3), subd. (a), provides that, "All actions at law by carriers subject to this chapter for recovery of their charges, or any part thereof, shall be begun within two years from the time the cause of action accrues, and not after." Section 16, par. (3), subd. (e) is as follows: "The cause of action in respect of a shipment of property shall, for the pur-

poses of this section, be deemed to accrue upon delivery or tender of delivery thereof by the carrier, and not after."

The question for determination is whether this is an action for freight charges, as contended by appellee, and therefore governed by the Federal Code, or whether it is an action for money had and received, as contended by appellant, and governed by the State statute of limitation of two years.

The question has been determined adversely to appellant by a Texas court in a similar fact situation. In Sanantex Oil Co. v. Thompson, Tex.Civ.App., 280 S.W. 2d 252, it was held that a suit for the recovery of an erroneous refund of freight charges was a suit for freight charges and not a suit for money had and received, and that the limitation period began at the time of delivery of the freight. The court reviewed a number of cases and announced what appears to be the rule supported by the weight of authority.

Appellant strongly relies upon Galveston, H. & S. A. Ry. Co. v. Lykes Bros., D.C.S.D.Tex., 294 F. 968, and T. M. Partridge Lumber Co. v. Michigan Cent. R. Co., 8 Cir., 26 F.2d 615, where it was held that a suit for an amount erroneously refunded to a shipper was a suit for money had and received.

The facts in the Lykes Bros. case, supra, arose prior to the passage of the Federal Transportation Act. Since that decision was rendered, the Circuit Court of Appeals, Fifth Circuit, in Vicksburg, S. & P. Ry. Co. v. Paup, 47 F.2d 1069, held that the Federal legislation governs a suit for a refund of freight charges and that limitation runs not from the date of the refund but from the date of delivery. The court said: "It was the purpose of Congress, we think, to establish a uniform system regulating the dealings between shippers and carriers, whereby rebates and other discriminations should be prevented. To say that either designedly or by mistake a sit-

uation such as this could be created, in which the rights of the parties would be dependent upon the varying provisions of state laws, would defeat that purpose and open the door to evasion and discrimination. [Citing authorities.]"

In the Partridge case, the majority held that a suit for an erroneous refund of freight charges was one for money had and received; but one judge, although concurring in the result for another reason, strongly urged that the suit was for freight charges and not for money had and received. It will be noted that the erroneous refund in the Partridge case resulted from a mathematical error and not from a misinterpretation of the lawful rate schedule.

We believe the rule announced in Sanantex Oil Co. v. Thompson, supra, and in Vicksburg, S. & P. Ry. Co. v. Paup, supra, is controlling, and the judgment is therefore affirmed.

### On Motion for Rehearing.

In his motion for rehearing, appellant directs our attention to the fact that in his suit was a claim for interest which he paid to appellee on the refunded money, as well as for money erroneously refunded to appellee on an intrastate shipment. We overlooked these items in writing our original opinion.

Appellant contends that the intrastate shipment is not covered by the Federal Transportation Act, and that the interest paid could in no sense be regarded as freight charges. Appellee concedes the correctness of appellant's position relating to the intrastate shipment, and we agree with him on the matter of interest. But since we are unable to calculate the amounts embraced in these items from the record before us, it is necessary to remand that part of the cause for an adjudication by the trial court.

The motion for rehearing is granted and the judgment, in so far as it finds for

appellee on the issues of interest and the refund on the intrastate shipment, is reversed and remanded; in all other respects, the judgment of the trial court is affirmed. The costs of appeal are adjudged against appellee.