**ST. LOUIS–SAN FRANCISCO RAIL-WAY COMPANY, Plaintiff,**

v.

**WILLARD MIRROR COMPANY, Defendant.**

**Civ. A. No. 1397.**

United States District Court
W. D. Arkansas,
Ft. Smith Division.

April 25, 1958.

896

Warner, Warner & Ragon, Ft. Smith, Ark., for plaintiff.

Daily & Woods, Ft. Smith, Ark., for defendant.

JOHN E. MILLER, District Judge.

Plaintiff, a railroad corporation organized and existing under the laws of the State of Missouri with its principal office in the City of St. Louis, owns and operates a system of railroads in interstate commerce, extending in and through the State of Arkansas and the City of Fort Smith.

The defendant is a corporation organized and existing under the laws of the State of Arkansas with its principal place of business in the City of Fort Smith.

On January 31, 1958, the plaintiff filed its complaint against the defendant in which it alleges:

"On January 27, 1956, the defendant shipped from Paterson, New Jersey, two carloads of freight from Century Engineering Company, said shipment being received on the 4th day of February, 1956. There now remains due and unpaid on the legal freight charges therefor the sum of $476.61, including federal tax thereon. The defendant was duly notified of the arrival of said cars at their destination in Fort Smith, Arkansas, and it accepted delivery and received said shipment. Demand has been made for payment of same and the defendant has failed and refused to pay said claim."

On March 14, 1958, the defendant filed its answer in which the corporate status of plaintiff and defendant is admitted, but defendant denies that the action arose under the interstate commerce laws of the United States, and more particularly under the acts regulating commerce. It admits that it shipped from Paterson, New Jersey, two carloads of freight in January, 1956, which freight was delivered by plaintiff to and was accepted by defendant upon arrival at destination in Fort Smith, Arkansas, but denies that there is due and unpaid the sum of $476.61 legal freight charges, including federal tax thereon. Admits that demand has been made for payment of same and that it has failed and refused to pay the claim.

The defendant further answering alleges that the claim asserted by plaintiff is based solely upon the plaintiff's contention that a refund paid by plaintiff to defendant was paid through error, and that plaintiff's claim is based solely upon an implied contract to refund money paid through error and is not an action for the recovery of freight charges; that all freight charges upon the two carloads of freight were paid in full by defendant to plaintiff; that after the payment of the amounts demanded by plaintiff, the defendant filed with the plaintiff a claim for refund of a portion thereof, which claim was honored and accepted by plaintiff, and plaintiff thereupon repaid to defendant the said sum of $476.-

61; that plaintiff now reclaims said sum as having been paid in error.

The defendant further alleges that plaintiff's cause of action is not one arising under any act of Congress regulating commerce or protecting trade and commerce against restraints and monopolies, but is based solely upon the common-law right of recovery on implied contract for money had and received, and that this Court is without jurisdiction of plaintiff's alleged cause of action, the requisite jurisdictional amount not being involved.

Subsequent to the filing of the answer, the parties on April 9, 1958, executed and filed the following stipulation:

"1.  On January 27, 1956, the defendant shipped from Paterson, New Jersey two carloads of freight from the Century Engineering Company, said shipment being received by the defendant at Fort Smith on the 4th and 6th days of February, 1956.

"2.  The defendant received from the plaintiff freight bills covering the freight on the two carloads mentioned in '1' above, as follows:

| | |
|---|---|
| (a) On February 6, 1956, | $1,005.88 |
| (b) On February 7, 1956, | 1,112.23 |
| Total | $2,118.11 |

"Each of said bills were paid by the defendant to the plaintiff on the date received.

"3.  On May 10, 1957, the defendant filed a claim for refund based upon the above mentioned freight bills theretofore paid by the defendant and totaling $2,118.11, said claim for refund being in the amount of $442.26.  Thereafter the plaintiff allowed said claim and issued its check on August 8, 1957, payable to the defendant, in the amount of $476.61, the amount of the defendant's said claim for refund, plus interest.  Defendant cashed this refund check issued by the plaintiff on September 9, 1957.

"4.  The plaintiff contends that the refund mentioned in 3, above, was erroneously allowed and paid, and that by reason of the foregoing transactions it is entitled to recover from the defendant $476.61 and interest thereon in this action.

"5.  The plaintiff contends that the freight bills as originally computed were correct, and that the subsequent refund was in error, leaving, therefore, the amount of $476.61 due under the applicable freight tariffs for these shipments.

"6.  The defendant contends that the indebtedness alleged in the complaint constitutes an obligation on implied contract for money had and received and erroneously paid.

"It is further stipulated by the parties that paragraph 4 of the defendant's Answer may be treated by the Court as a motion to dismiss the plaintiff's complaint for lack of jurisdiction of the court over the subject matter, and, as such, be presented upon this Stipulation of facts."

On April 17, 1958, the defendant, without waiving its objection to the jurisdiction of the Court as set forth in paragraph 4 of its answer, which the parties stipulated may be treated as a motion to dismiss plaintiff's complaint for lack of jurisdiction, filed its motion for summary judgment, in which it alleges that if the motion to dismiss be denied, that the Court should enter summary judgment in its favor upon the complaint, the answer, and the stipulation of facts filed herein; that the stipulation of facts shows on its face that there is no genuine issue as to any material fact; that the defendant is not indebted to plaintiff for any sum for freight charges as alleged in the complaint, and that the defendant is entitled to judgment dismissing the complaint as a matter of law.

The plaintiff on its brief in opposition to the motions to dismiss and for summary judgment contends that the amount, if any, remaining due on the two carload shipments is in dispute; that the defendant contends that one tariff applies and the carrier contends that another tariff is applicable.

Plaintiff contends that:

"Thus, the very heart of the litigation depends upon the applicable federal statute regulating commerce and the tariffs published in accordance with them. * * * The complaint * * * clearly states the plaintiff's theory which is, simply stated, that the freight required by the applicable tariffs and statutes has not been paid in full, and that the plaintiff is entitled to recovery. Under the federal statutes relied upon plaintiff is entitled to the full tariff rate regardless of how the undercharge came about, provided there is an undercharge, of course. Furthermore, the plaintiff is entitled to choose *his* theory of recovery."

The defendant, in support of its motion to dismiss and its motion for summary judgment, contends that the stipulated facts extinguish for all time any obligation under the contract of carriage as a matter of law, and create a subsequent obligation on implied contract, if, in fact, any obligation now exists; that plaintiff is not entitled to recover from plaintiff any sum for freight under the contract of carriage; that the freight charges were paid in full and extinguished on February 6 and 7, 1956, as shown by the stipulation, and that the claim of plaintiff against defendant is based solely upon an implied contract for money had and received.

Section 1337 of Title 28 U.S.C., provides:

"The district courts shall have original jurisdiction of any civil action or proceeding arising under any Act of Congress regulating commerce or protecting trade and commerce against restraints and monopolies."

The plaintiff contends that under this section of the statute the Court has jurisdiction, notwithstanding the amount in controversy is less than $3,000, exclusive of interest and costs, and that plaintiff is entitled, as a matter of law, to choose its theory of recovery, and has chosen to allege a claim arising under the interstate commerce laws of the United States, and more particularly the act regulating commerce.

In Bell v. Hood, 327 U.S. 678, at page 681, 66 S.Ct. 773, at page 775, 90 L.Ed. 939, the court said:

"Before deciding that there is no jurisdiction, the district court must look to the way the complaint is drawn to see if it is drawn so as to claim a right to recover under the Constitution and laws of the United States. For to that extent 'the party who brings a suit is master to decide what law he will rely upon, and * * * does determine whether he will bring a "suit arising under" the * * * (Constitution or laws) of the United States by his declaration or bill.'"

Beginning at page 682 of 327 U.S., at page 776 of 66 S.Ct., the court said:

"The reason for this is that the court must assume jurisdiction to decide whether the allegations state a cause of action on which the court can grant relief as well as to determine issues of fact arising in the controversy.

"Jurisdiction, therefore, is not defeated as respondents seem to contend, by the possibility that the averments might fail to state a cause of action on which petitioners could actually recover. For it is well settled that the failure to state a proper cause of action calls for a judgment on the merits and not for a dismissal for want of jurisdiction. Whether the complaint states a cause of action on which relief could be granted is a question of law and just as issues of fact it must be decided after and not before the court has assumed jurisdiction over the controversy. If the court does later exercise its jurisdiction to determine that the allegations in the complaint do not state a ground for relief, then dismissal of the case would be on the merits, not for want of jurisdiction. Swafford v. Templeton, 185 U.S. 487, 493, 494, 22 S.Ct. 783, 785, 786, 46 L.Ed. 1005;

Binderup v. Pathe Exchange, 263 U. S. 291, 305–308, 44 S.Ct. 96, 98–99, 68 L.Ed. 308. The previously carved out exceptions are that a suit may sometimes be dismissed for want of jurisdiction where the alleged claim under the Constitution or federal statutes clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or where such a claim is wholly insubstantial and frivolous. The accuracy of calling these dismissals jurisdictional has been questioned. The Fair v. Kohler Die & Specialty Co., supra, 228 U.S. 22, at page 25, 33 S.Ct. [410], at page 411, 57 L.Ed. 716. But cf. Swafford v. Templeton, supra."

Thus it would seem that since the plaintiff has chosen to base its claim against defendant on the theory that the amount sued for represents freight charges, the Court must consider the facts to determine whether the amount sued for is in truth and in fact a balance due on the legal freight charges, or whether the amount sued for is a sum of money that was paid to defendant by plaintiff through error. Therefore, the motion to dismiss, standing alone, cannot be sustained in view of the allegations in the complaint. This brings the Court to a consideration of the facts as stipulated by the parties, and the Court must determine whether the facts support the allegations of the complaint and constitute a claim within the jurisdiction of the Court.

A reference to the stipulation reveals that when the two cars of freight arrived at the defendant's place of business in Fort Smith, Arkansas, the plaintiff presented freight bills for each of the cars, totaling $2,118.11. The bills were paid by defendant to plaintiff on presentation, On May 10, 1957, after the original freight bills had been paid on February 6 and 7 by defendant, it filed a claim for refund in the sum of $442.26. The plaintiff, after considering the claim for refund, allowed the same, and on August 8 paid defendant $476.61, the amount of

defendant's claim for refund with interest. The defendant contends that the claim of plaintiff constitutes an obligation on implied contract for money had and received, and erroneously paid, and does not represent a sum due on legal freight charges.

The stipulation does not disclose whether there was an error in the original freight bills or whether they were for the correct amount, but when the defendant filed its claim for refund, the plaintiff found at that time that the original freight bills were not correct, and therefore allowed the claim for refund. It now contends that the allowance of the refund was an error, and that this Court should determine whether a refund was made through error or whether the amount of the freight charges upon the original freight bills was correct.

The facts thus disclose that the freight charges in an amount which plaintiff now contends was correct were paid upon presentation of the original bills, and after a recalculation of the amount of the freight charges, it was found that the defendant had overpaid the charges in the amount of $442.26, which, with interest, was repaid to the defendant.

The facts as stipulated refute the theory upon which the plaintiff invokes the jurisdiction of this Court. The claim of plaintiff against defendant does not arise under any Act of Congress regulating commerce, but arises as a result of the payment by plaintiff to defendant of its claim for refund, and if the claim for refund was not a valid claim and was filed by defendant and paid by plaintiff through error, the law raises an implied promise on the part of the defendant to repay the money thus received by it through error. Under these facts the Court does not have jurisdiction of the claim of plaintiff under Section 1337, supra.

This Court is, of course, required to follow the decisions of the Court of Appeals for this Circuit, and this is true regardless of what the trial court might think the law should be on a particular matter. In the case of T.

M. Partridge Lumber Co. v. Michigan Central Railroad Co., 8 Cir., 26 F.2d 615, the court had under consideration a fact situation substantially similar to the one in the instant case. In speaking of the freight charges allegedly involved in that action, the court at page 616 of 26 F.2d said:

"But that this is not an action for the recovery of charges is too clear for argument, and the trial court properly so held. Therefore this statute has no application. The trial court held, we think properly, that the action is one on implied contract to refund money paid through error. If so, however, it is not a suit or proceeding arising under any law regulating commerce, or within any other class of suits of which the federal District Courts have original jurisdiction. For that reason it should have been dismissed by the trial court."

Plaintiff seeks to distinguish the Partridge case on the ground that it involved a suit on an implied contract for money paid by mistake, whereas the instant suit is one for recovery of freight charges, and to avoid an unlawful rebate or refund. The same contention was made in the District Court in the Partridge case, and at page 658 of 17 F.2d the court said:

"The defendant is trying to convert the erroneous refund into an undercharge, and thus to date the accrual of the cause of action back to the time of delivery of the shipment. It is true that the excessive refund grew out of a misapplication of the tariffs applicable to the shipment, but the obligation of the defendant to repay the excess had nothing to do with the shipment or the payment of the charges. It was due solely to the mistake of the plaintiff, and the obligation to repay did not arise out of the express contract for transportation, but solely out of an implied contract that the defendant would repay to the plaintiff money which belonged to it, and

to which the defendant was not entitled."

As heretofore noted, in the Court of Appeals a majority of the court agreed that the trial court was correct in holding that the action was one on implied contract to refund money paid through error. While it is true that in the concurring opinion, Judge Van Valkenburgh stated that the action was in effect "one for the recovery of a part of the carrier's charge", this Court must follow the holding of the majority that such an action is not one for a recovery of freight charges.

Since the claim of plaintiff is one arising under an implied contract and is not for the requisite jurisdictional amount, the Court is without jurisdiction. The defendant's motion for summary judgment should be granted and the complaint of plaintiff dismissed for lack of jurisdiction, and an order to that effect is being entered today.