The **ATCHISON, TOPEKA AND SANTA FE RAILWAY COMPANY,** Appellant,

v.

**M. E. BELT and Hazel Belt, d/b/a Belt Fur and Wool Company,** Appellees.

No. 76–1527.

United States Court of Appeals, Eighth Circuit.

Submitted Feb. 15, 1977.

Decided March 3, 1977.

Jack D. Rowe, Kansas City, Mo., for appellant; Sam D. Parker, Kansas City, Mo., on the brief.

John David Collins, Macon, Mo., for appellees.

Before LAY and STEPHENSON, Circuit Judges, and TALBOT SMITH,* Senior District Judge.

* The Honorable Talbot Smith, Senior United States District Judge for the Eastern District of Michigan, sitting by designation.

1. The Honorable H. Kenneth Wangelin, United States District Judge for the Eastern District of Missouri.

STEPHENSON, Circuit Judge.

The Atchison, Topeka and Santa Fe Railway Company (Santa Fe) appeals from the district court's [1] dismissal for lack of subject matter jurisdiction of its complaint which sought to recover allegedly improper freight charges refunded to appellees, M. E. Belt and Hazel Belt, d/b/a Belt Fur and Wool Company (Belt). We reverse.

In 1973 Belt shipped freight over the Santa Fe and paid all freight charges billed by the Santa Fe as a result. Subsequently, Belt sought and received from Santa Fe refunds totalling $5,872.06 which represented a portion of those freight charges previously paid. Thereafter, Santa Fe determined that the refunds to Belt were made under a tariff which was not applicable to Belt's shipments and were therefore not authorized by, and were in violation of, other existing tariffs filed by the Santa Fe with the Interstate Commerce Commission.

On April 30, 1976, Santa Fe instituted this action to collect from Belt the refunds previously paid. Jurisdiction was asserted under 28 U.S.C. § 1337 [2] as an action authorized by the provisions of the Interstate Commerce Act, 49 U.S.C. § 1 *et seq.* Belt filed a motion to dismiss, contending that Santa Fe's claim did not arise under section 1337 but rather was an action for the contractual remedy of money had and received. The district court, relying on the authority of *T. M. Partridge Lumber Co. v. Michigan Cent. R.R.*, 26 F.2d 615 (8th Cir. 1928), and *St. Louis-San Francisco Ry. v. Willard Mirror Co.*, 160 F.Supp. 895 (W.D.Ark.1958), sustained Belt's motion and dismissed Santa Fe's complaint without prejudice. This appeal by Santa Fe followed.

In *Partridge* the Michigan Central Railroad Company, as a result of a mathematical miscalculation, had erroneously refund-

2. 28 U.S.C. § 1337 states as follows:

The district courts shall have original jurisdiction of any civil action or proceeding arising under any Act of Congress regulating commerce * * *.

ed freight charges to the T. M. Partridge Lumber Company. This court held the action was one on implied contract rather than arising under any law regulating commerce. *T. M. Partridge Lumber Co. v. Michigan Cent. R.R., supra,* 26 F.2d at 616.

In *San Francisco Railway* the refund dispute arose over differing applicable tariffs rather than a mere mathematical miscalculation. The district court noted that it was bound by *Partridge* and held that the action was one arising under an implied contract. *St. Louis-San Francisco Ry. v. Willard Mirror Co., supra,* 160 F.Supp. at 900. In our view, however, *Partridge* does not dictate such a result.

Santa Fe's complaint states that the "refunds were not authorized by, and were contrary to, existing tariffs, and were therefore made in error." It is clear that more than a mere mathematical miscalculation is placed in question. We therefore hold that Santa Fe's claim is not an action for the contractual remedy of money had and received but rather is one which necessarily involves a construction and interpretation of a tariff or tariffs. *See Kurn v. Pittsburgh Plate Glass Co.,* 48 F.Supp. 574, 576 (E.D.Mo.1942). It follows that the district court has jurisdiction of the action under 28 U.S.C. § 1337.

Reversed.